H. E. & S. Transportation Corporation, Respondent,
*v.* Checker Cab Sales Corporation, Appellant.

(Argued April 22, 1936; decided May 19, 1936.)

*Emil Weitzner, Samuel H. Kaufman* and *David G. Haskins* for appellant.

*Aloysius F. Power, George A. Brooks* and *John Thomas Smith* for Yellow Manufacturing Credit Corporation et al., *amici curiæ.*

*Isidore Rose* for respondent.

CROUCH, J. The action was brought under section 80-e of the Personal Property Law (Cons. Laws, ch. 41) to recover one-fourth of the amount paid to the defendant on account of the purchase price of certain taxicabs. The taxicabs were retaken by the seller on May 17, 1933. Notice of sale was given to the buyer on May 18th. The sale was had on May 29th, the day stated in the notice. May 28th was a Sunday. The complaint alleged shortage (1) in the ten-day redemption period granted to the buyer by Personal Property Law, section 78; and (2) in the ten days' written notice of sale period required by Personal Property Law, section 79.

1. It is clear that there was no shortage in the redemption period. Under section 78 the specified event is the " retaking." The retaking was on May 17th. That is the day from which the reckoning is made. Hence, it is excluded in making the reckoning. So excluded, the specified period expired at midnight on May 27th. (General Construction Law [Cons. Laws, ch. 22], §§ 19 and 20.)

2. The pertinent language of section 79, relating to notice of sale, is as follows: " The seller shall give to the buyer not less than ten days' written notice of the sale * * *." Down to 1892, when the mode of computing days was embodied in section 27 of the Statutory Construction Law (Laws of 1892, ch. 677, now Cons. Laws, ch. 22, § 20), the general rule was, as stated in *Kane* v. *City of Brooklyn* (114 N. Y. 586, 594), " to exclude the first day and to include the last." The Statutory Construction Law disclosed " no intention on the part of the Legislature to materially change the existing rule for the computation of time, except, perhaps, to more definitely fix the event from which the count is to be made." (*People* v. *Burgess*, 153 N. Y. 561, 573.) The statutes construed in both the *Kane* and *Burgess* cases used the " not less than " phrase which is used here. Nevertheless, the general rule of computation which excludes one of the terminal days was followed. It is

true that courts in other jurisdictions have found in the phrases " not less than " and " at least " an indication that the specified number of days should be full clear days, excluding both the day of the act and the day of the event. (See 62 C. J. 985, § 32.) No good reason is suggested why the rule of construction long ago established by this court and since followed (Cf. *Jones* v. *Wallace*, 75 App. Div. 401; *Strickland* v. *Hare & Chase, Incorporated*, 217 App. Div. 196) should be varied when applied to substantially the same language. The event specified in section 79, notice of which is required to be given, is the sale. The day of that event was May 29th. Excluding that day from the reckoning and including May 18th, the day when the notice was given (Cf. *People* v. *Burgess, supra*), we have a period of eleven days, of which Sunday was the last. That fact is a matter of no importance here, since Sunday is excluded only when it is the last day of any *specified* period.

The judgments should be reversed, the motion for summary judgment denied and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.