162 N.J. Super. 318 (1978)
392 A.2d 1215
SANFORD LANDA, PLAINTIFF-APPELLANT,
v.
MAE ANDREA ADAMS ET AL., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1978.
Decided September 25, 1978.
*320 Before Judges PRESSLER and KING.
Mr. Harold J. Gerr argued the cause for appellant (Mr. Ralph Mayo, attorney).
Mr. David M. Greene argued the cause for respondent.
The opinion of the court was delivered by KING, J.A.D.
Plaintiff, the holder of tax sale certificates on lots owned by Suburban Development Company (Suburban), appeals from an order permitting redemption of those lots.
Trustees in dissolution for Suburban continued to hold title to three lots on Suburban's behalf. Plaintiff Landa owned tax sale certificates covering these lots, as well as a number of others. Landa began foreclosure proceedings and a final judgment barring redemption was ultimately entered on February 23, 1977. The Clerk of the Superior Court could not determine at what time on February 23 the final judgment was actually signed by his designee.
During the late morning and early afternoon hours of February 23 two attorneys, each acting on behalf of a 25% shareholder in Suburban, went to the tax collector's office in an attempt to redeem Suburban's properties from foreclosure. At the tax collector's suggestion the attorneys calculated the amount required to pay all taxes and interest due. They expected that this estimate would actually be larger than the amount required. A check was presented for the estimated amount due, $2,110, and the tax collector agreed to hold the funds in escrow pending receipt of an affidavit from Landa stating the exact amount due. The tendered amount was about $52 short of the taxes and *321 interest due. Suburban stands ready to pay this shortage and all other legal costs, and the trial court's order permitting redemption is so conditioned.
Landa now appeals, claiming that the attempted redemption was (1) ultra vires, (2) in an inadequate and incorrect amount and (3) barred by entry of the final judgment. We disagree and affirm for the following reasons.
In 1958 Suburban went into corporate dissolution. Subsequent to the dissolution two shareholders acted as trustees in dissolution. On the day of the attempted redemption the two attorneys who appeared before the tax collector were acting on behalf of one of the trustees in dissolution. Plaintiff contends that the purported redemption was not an appropriate activity for trustees in dissolution.
A dissolved corporation may not carry on any business except for the purpose of winding up its affairs by certain limited activities set forth in N.J.S.A. 14A: 12-9(1). It may pay, satisfy or discharge its debts and other liabilities. Id. at subsection 9(1) (c). The tax liens here involved arise from a debt. See Lanterman v. Luby, 96 N.J.L. 255, 257 (E. & A. 1921). A corporation acting through trustees in dissolution may discharge the debt underlying a tax lien. The attempted redemption was not ultra vires.
The shortage in amount of about $52 was about 2 1/4% of the total redemption balance. Legal fees and costs have never been specifically determined. The record establishes that the calculation of the amount of $2,110 appears to have been in good faith. The relief granted by the chancery judge confirming redemption was "subject to payment of any interest or costs outstanding." We conclude that a good faith tender of substantially the full amount due was satisfactory in this situation so long as trustees pay the sums actually due. See Gonzales v. Harrington Co., 2 N.J. Misc. 311, 315, 126 A. 38, 40 (Ch. 1923); 2 N.J. Misc. 316, 319, 126 A. 40, 41 (Ch. 1923).
*322 The Superior Court Clerk could not determine when on February 23, the date final judgment was entered, the judgment was actually signed in his office. The putative redemption at the tax collector's office apparently took place shortly after noon on February 23. The controlling statute states "the right to redeem shall exist and continue until barred by the judgment of the Superior Court." N.J.S.A. 54:5-86. Plaintiff cites Hunt v. Swayze, 55 N.J.L. 33, 37 (Sup. Ct. 1892), for the judicial presumption that a judgment is deemed entered at the earliest hour when it could be entered in the usual course of business of the clerk's office when the actual time of entry cannot be established. If such a presumption is operative, the final judgment would be deemed entered on the opening of the business day, at 8:30 A.M., and the attempted redemption would be barred. Hunt v. Swayze, supra, did not deal with a final judgment barring redemption by an owner of real estate, but with a question of priorities between a money judgment creditor and a grantee of real estate.
Our courts have heretofore stated only that an owner may redeem property from the holder of a tax sale certificate on "the date of the filing of the final judgment." Bayonne v. Ferenczi, 49 N.J. Super. 100, 103 (App. Div. 1958); see also Linden v. Gleffi, 6 N.J. 246, 252 (1951). If a landowner can redeem at any time on the day of filing the final judgment, the time of entry of the judgment would be irrelevant.
We prefer to adopt the rule that landowners be given the whole of the last day allowed by law to redeem. "Redemption may be made at any time before the close of the last day allowed by law for that purpose." 47 Am.Jur.2d, Judicial Sales, § 345 at 571. See H.E. & S. Transp. Corp. v. Checker Cab S. Corp., 271 N.Y. 239, 2 N.E.2d 642 (Ct. App. 1936) (statutory right to redeem personalty expired at midnight on the final day allowed for redemption); Cromelien v. Brink, 29 Pa. 522, 525 (Sup. Ct. 1858); *323 86 C.J.S. Time § 13 at p. 880; 5A Thompson, Real Property, § 2765 at 1280 (1957).
We recognize the legislative policy as expressed by N.J.S.A. 54:5-85 that chapter 5 be "liberally construed as remedial legislation to encourage the barring of the right of redemption by actions in the Superior Court to the end that marketable titles may thereby be secured." The implementation of this policy of strict foreclosure of the right of redemption is important as supportive of tax titles thereby aiding municipalities in raising revenue. Bron v. Weintraub, 42 N.J. 87, 91-92 (1964). But this policy in favor of settled tax titles attaches once the tax sale certificate owner has a perfected title. We find nothing inimicable to this policy consideration in a rule which permits a delinquent property owner to redeem his land up until the last minute of the day the judgment barring redemption is entered. Thereafter the legally cognizable interest of the tax sale certificate holder becomes paramount. Further, a rule permitting redemption until the close of the final day has the virtue of a certain moment of finality, which is not dependent on the vagaries of whether or not proof is available on the exact time the judgment was actually signed or filed.
We conclude that Suburban's right of redemption was not barred by the final judgment entered at some unknown time during the day of February 23.
Affirmed.