863 A.2d 1078 (2005)
374 N.J. Super. 147
Richard SIMON, Trustee, Plaintiff-Appellant,
v.
Catherine H. RANDO, unmarried; Robert A. Corkhill, unmarried; Harmonia Savings Bank n/k/a Sovereign Bank; Carf Realty, 1997 LLC; Funb Custodian for D & H Assoc., Defendants, and
Cherrystone Bay, LLC, Intervenor-Respondent.
Tristate Investments, Plaintiff-Appellant,
v.
Arsenio E. Isasi; Aida J. Isasi; Franklin Credit Management Corporation; First Deposit National Bank; Martin Medvin; Vicky Medvin; and State of New Jersey, Defendants, and
Cherrystone Bay, LLC, Intervenor-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued September 21, 2004.
Decided January 6, 2005.
*1079 Keith A. Bonchi, Atlantic City, argued the cause for appellants TriState Investments, A-2660-03T5 and Richard Simon, Trustee, A-0262-03T5 (Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, attorneys; Mr. Bonchi, on the briefs).
Robert W. Keyser, Haddonfield, argued the cause for intervenor-respondent Cherrystone Bay, LLC in both appeals (Kaplin Stewart Meloff Reiter & Stein, attorneys; Mr. Keyser, of counsel in A-2660-03T5; Anthony L. Velasquez on the briefs).
Before Judges SKILLMAN, PARRILLO and GRALL.
The opinion of the court was delivered by
GRALL, J.A.D.
In considering the conduct of "intermeddlers" in actions to foreclose tax sale certificates, the Supreme Court has twice "condemned the business of `heir hunting' as having `no social value'" and "hinder[ing] tax sales." See Wattles v. Plotts, 120 N.J. 444, 445, 452, 577 A.2d 131 (1990); Bron v. Weintraub, 42 N.J. 87, 95, 199 A.2d 625 (1964). These appeals require us to consider a new variant of intermeddling and the provisions of the Tax Sale Law, N.J.S.A. 54:5-1 to -137, that prohibit such conduct. Wattles, supra, 120 N.J. at 445, 450-52, 577 A.2d 131; Savage v. Weissman, 355 N.J.Super. 429, 810 A.2d 1077 (App.Div.2002).
Richard Simon and TriState Investments are the plaintiffs in separate actions to foreclose municipal tax sale certificates. In both cases, the plaintiff's foreclosure action was dismissed after Cherrystone Bay, L.L.C. acquired and then redeemed an interest held by a named defendant. Simon and TriState appeal, and we consolidate the appeals. Because Cherrystone did not follow the statutory procedures, we reverse and remand.[1]N.J.S.A. 54:5-89.1; N.J.S.A. 54:5-98.
Richard Simon acquired a tax sale certificate on property located in the City of Ventnor at a public tax sale on November *1080 17, 2000. After expiration of the requisite two-year waiting period, N.J.S.A. 54:5-86, he filed a complaint to foreclose the right to redeem. Default was entered against the named defendants, and on May 16, 2003, the court issued an order setting the amount required to redeem, $17,446.92 plus $938.40 taxed costs, and establishing July 7, 2003 as the final date for a named defendant to redeem with the tax collector. R. 4:64-1(d).
Less than one week before the final date for redemption, Cherrystone intruded on the scene. It purchased a 1994 tax sale certificate for the same property from a named defendant. Cherrystone claims to have paid $45,260.59 as consideration for the assignment, but the assignment reflects consideration of $1.00. Simon disputes both the amount paid for and the date of that assignment.
On July 3, 2003 Cherrystone contacted Simon and offered to purchase his tax sale certificate for $2,500. Simon's appraisal put the value of the Ventnor property between $225,000 and $245,000, and he declined Cherrystone's offer. On July 8, 2003, without having appeared in the foreclosure action, Cherrystone tendered the funds required for redemption to the tax collector. On the same day, the court entered final judgment in favor of Simon.
On July 31, 2003, Cherrystone moved to intervene in the foreclosure action and to vacate Simon's final judgment. On August 21, 2003, the trial judge granted the motion and entered an order directing the tax collector to process Cherrystone's redemption. Cherrystone must file a second foreclosure action in order to obtain marketable title.
TriState's foreclosure action took a similar circuitous and unproductive path. On November 12, 2002, TriState purchased, by assignment, a 1997 tax sale certificate on property in the City of Elizabeth. Because TriState purchased the certificate more than two years after the 1997 tax sale, it was able to file its foreclosure complaint without delay, N.J.S.A. 54:5-86, which it did on February 10, 2003. Default was entered against the named defendants, and on June 11, 2003, the court issued an order setting the amount required to redeem, $7,213.42 plus $376.50 in taxed costs, and establishing July 25, 2003 as the final date for a named defendant to redeem through the tax collector.
Eight days before the final date for redemption, Cherrystone paid $740 to a named defendant as consideration for assignment of a 1996 tax sale certificate for the same property. On July 22, 2003, Cherrystone contacted TriState and offered to purchase its tax sale certificate for $2,500 plus the amount required for redemption. TriState's appraisal indicated that the property is worth approximately $150,000, and TriState declined Cherrystone's offer. Cherrystone, again without having intervened in the action, paid the amount required for redemption to the tax collector. The tax collector accepted the redemption.
In order to pursue its right to foreclose, TriState was required to continue the litigation. On October 27, 2003 TriState moved to bar Cherrystone's redemption. In December 2003 the judge entered an order allowing Cherrystone's redemption and dismissing TriState's foreclosure action. Cherrystone must file a second foreclosure action in order to obtain marketable title.
The purpose of the Tax Sale Law is to enhance the collection of taxes, Savage, supra, 355 N.J.Super. at 435-36, 810 A.2d 1077, and that purpose is furthered by supporting tax titles, Bron, supra, 42 N.J. at 89, 199 A.2d 625. For that reason, the Legislature has directed courts to construe the provisions of the law governing suits to foreclose the equity of redemption *1081 "liberally ... to encourage the barring of the right of redemption by actions in the Superior Court to the end that marketable titles may thereby be secured." N.J.S.A. 54:5-85.
Under the Tax Sale Law, the municipality sells its lien for past due taxes on property at a public sale and obtains the amount owed plus interest and the costs of the sale, N.J.S.A. 54:5-6; N.J.S.A. 54:5-25; N.J.S.A. 54:5-31. The law provides two incentives for purchase of such municipal tax sale certificates. If the certificate is redeemed, the purchaser is reimbursed and receives interest accruing at the rate established by the bid. See N.J.S.A. 54:5-32; N.J.S.A. 54:5-58. If the certificate is not redeemed within two years of the sale, the purchaser may file a complaint to foreclose the right of redemption and, if the certificate is not redeemed by a party before the date set in the court's order of redemption and entry of final judgment, obtain an absolute, indefeasible estate in fee simple. N.J.S.A. 54:5-54; N.J.S.A. 54:5-86; N.J.S.A. 54:5-87; N.J.S.A. 54:5-89.1; R. 4:64-1(d). Quite obviously, the real incentive for participation in a tax sale is the potential to secure marketable title in a foreclosure action.
While wide public participation at the time of the public sale furthers the purpose of the law, intrusion after the commencement of an action to foreclose thwarts that purpose. Bron, supra, 42 N.J. at 92, 95, 199 A.2d 625; see Wattles, supra, 120 N.J. at 448-53, 577 A.2d 131 (discussing Bron and subsequent legislative attempts to address problems identified in Bron). Post-complaint trading in redeemable interests does not enrich the municipal treasury; it only serves the interests of the person who acquires the interest. Wattles, supra, 120 N.J. at 448-53, 577 A.2d 131. Through the foreclosing certificate holder's efforts to identify and serve those who hold a redeemable interest, the would-be-intruder is able to identify readily a person who has a right to redeem but no intention of exercising it. Id. at 451, 577 A.2d 131. These individuals are likely amenable to an intruder's offer to purchase the interest, and an assignment of the interest places the intruder in a position to redeem and cut off the certificate holder's right to foreclose. Ibid. When the fruits of one's labor are so easily picked, there is little incentive to participate in the tax sale process. Ibid. As the Legislature recognized, if such practices are permitted, "No one will purchase at tax sales...." Ibid. (quoting Sponsor's Statement to Sen. No. 291, L. 1967, c. 149).
The Legislature amended the Tax Sale Law to limit such post-complaint trading in interests. Id. at 450-52, 577 A.2d 131. After the holder of a tax sale certificate files a complaint to foreclose, the right to redeem is limited. Prior to the filing of the complaint, N.J.S.A. 54:5-54 controls. That statute provides:

Except as hereinafter provided, the owner, his heirs, holder of any prior outstanding tax lien certificate, mortgagee, or occupant of land sold for municipal taxes, assessment for benefits ... or other municipal charges, may redeem it at any time until the right to redeem has been cut off in the manner in this chapter set forth, by paying to the tax collector... the amount required for redemption as hereinafter set forth.
[N.J.S.A. 54:5-54 (emphasis added).]
Statutes governing actions to foreclose tax sale certificates "provide" different rules for redemption during the period in which a foreclosure complaint is pending. After a foreclosure complaint is filed, N.J.S.A. 54:5-98 provides for judicial oversight of redemption by limiting the right to redeem by paying the tax collector to persons who are parties to the foreclosure action. Savage, supra, 355 N.J.Super. at *1082 443, 810 A.2d 1077. The statute provides, "After the complaint has been filed redemption shall be made in that cause only.... Such redemption shall be subject to the fixing of fees and costs at any time during the course of the action. In such proceedings the court may order that redemption shall be made to the tax collector...." N.J.S.A. 54:5-98. The rules of court incorporate these requirements. Pursuant to R. 4:64-1, the court is to enter an order fixing the amount, time and place for redemption which must be served on all parties. R. 4:64-1(d); R. 4:64-6(b). Thus where default is entered against a person holding a recorded interest, that party is named as a defendant in the court's order of redemption and should that party redeem, he or she redeems "in that cause." N.J.S.A. 54:5-98.
Where one acquires an interest in the property by assignment after the complaint is filed, the Tax Sale Law imposes additional procedural and substantive requirements. Pursuant to N.J.S.A. 54:5-89.1, a person with an unrecorded assignment of an interest may record the assignment and "apply to be made a party to the action." Absent such an application, the person is bound by "the proceedings ... in the same manner as if he had been made a party to and appeared in [the foreclosure] action, and the judgment ... had been made against him as one of the defendants...." N.J.S.A. 54:5-89.1; cf. N.J.S.A. 54:5-90 to -91 (unknown owners of recorded interests). If the person does not "apply to be made a party," the person cannot redeem with the tax collector because such redemption is not "made in that cause." N.J.S.A. 54:5-98.
The obligation to intervene in the foreclosure action imposed by sections 54:5-98 and 54:5-89.1 is essential to preventing the intrusion by "intermeddlers" that has been condemned by the courts and the Legislature. Wattles, supra, 120 N.J. at 445, 450-52, 577 A.2d 131; Savage, supra, 355 N.J.Super. at 442-43, 810 A.2d 1077. Prior to commencement of a foreclosure action, transfers of interests in property are not regulated by the Tax Sale Law. Bron, supra, 42 N.J. at 95, 199 A.2d 625 ("[n]o one disputes the right of holders of interests in property to convey them to third persons if they wish"). Only post-complaint trading in redeemable interests is regulated by the Tax Sale Law, because only post-complaint trading undermines the purposes of the Law. Wattles, supra, 120 N.J. at 448-52, 577 A.2d 131 (discussing judicial decisions and subsequent amendatory legislation). The remedy the Legislature has fashioned to curb the abuse is review of the adequacy of consideration paid for an interest acquired post-complaint. The standard is codified in N.J.S.A. 54:5-89.1, which provides:
No person, however, shall be admitted as a party to such action, nor shall he have the right to redeem the lands from the tax sale whenever it shall appear that he has acquired such interest in the lands for a nominal consideration after the filing of the complaint....
[N.J.S.A. 54:5-89.1.]
The obligation to intervene in the action is essential to judicial review of the adequacy of consideration paid for a post-complaint assignment of an interest in property subject to foreclosure. "[T]he statute prohibits anyone from becoming a party to a tax-foreclosure proceeding or from exercising the right to redeem if that person has acquired for a nominal consideration an interest in the property after the filing of a tax-foreclosure complaint." Wattles, supra, 120 N.J. at 450, 577 A.2d 131. Its "provisions are consistent with the public policy declared in Bron. That policy supports tax titles and opposes intrusions in tax-foreclosure proceedings `by third persons who seek only to further their own *1083 interests rather than the interests already on hand.'" Id. at 94, 199 A.2d 625.
We consider Cherrystone's route to redemption in light of the statutory procedural requirements and well-established policy. It is apparent that Cherrystone was aware of both foreclosure actions. Cherrystone contacted both Simon and TriState in an effort to purchase the tax sale certificates subject to foreclosure. Cherrystone advised both Simon and TriState that it had acquired an assignment of a prior tax sale certificate from a named defendant and that it intended to redeem on the date set in the order of redemption. While the record does not include Cherrystone's communications with the named defendants, cf. Wattles, supra, 120 N.J. at 447-48, 577 A.2d 131, its correspondence with the plaintiffs demonstrates conduct comparable to that condemned by the Supreme Court and the Legislature. Id. at 450-52, 577 A.2d 131. Using the efforts of the foreclosing certificate holder, Cherrystone intruded on the scene in a manner that served no public purpose and furthered only its own interest in acquiring the subject property at a bargain price.
Cherrystone notes that Simon and TriState are also in a position to acquire the property at a bargain price, and from this narrow perspective, Cherrystone argues that its conduct is no different than the conduct of Simon and TriState. Cherrystone is simply wrong. TriState and Simon were both in a position to further the policy of the Tax Sale Law, because there would have been a transfer of title if Cherrystone had not intruded. The property would have been returned to the active tax rolls, Twp. of Millburn v. Block 1208, Lot 2, 189 N.J.Super. 523, 529-30, 461 A.2d 163 (Ch.Div.1983), and the foreclosure sale resulting in transfer of marketable title would demonstrate to potential purchasers at public tax sales that participation can be worthwhile, shoring up the incentive for participation. In contrast, Cherrystone's conduct undermines the incentive for participation. If marketable title can be snatched by simply proceeding to the tax collector after acquiring an assignment of a redeemable interest from a named defendant who has defaulted in a foreclosure action, "[n]o one will purchase at tax sales...." Wattles, supra, 120 N.J. at 451, 577 A.2d 131 (quoting Sponsor's Statement to Sen. No. 291, L. 1967, c. 149).
TriState, Simon and Cherrystone all seek a profit and no obvious intervening equities, beyond the public policies furthered by the Tax Sale Law, distinguish them. But that is not determinative. In Wattles, Justice Pollock noted,
For all practical purposes, National is in the same posture as the heir hunters in Bron. It has insinuated itself into the the scene for the sole purpose of furthering its own pecuniary interests. As in Bron, to the extent that the heir hunter's efforts are designed to thwart the utility of tax sales and to reap windfall profits, they advance no social value. In this context, we are unpersuaded that the lack of intervening equities, such as were presented by the homeowners in Bron should make a difference.
[Id. at 453, 577 A.2d 131.]
In its supplemental brief, Cherrystone argues that it did intervene in the proceedings and did not avoid judicial review of the consideration it paid. If that were true, it would not be for Cherrystone's lack of trying. Had Simon and TriState acceded to Cherrystone's eleventh-hour demand for transfer of the tax sale certificate subject to foreclosure, there would have been no review. This post-complaint, secret pressuring is exactly the type of conduct that the statutes are designed to prevent.
In the Simon case, Cherrystone made an unauthorized redemption and then intervened to set aside a final judgment, but one who acquires an interest post-complaint *1084 and is not named in the court's order of redemption is barred from redeeming through the tax collector. A person in that position cannot redeem, seek relief from the court, and then claim that he or she has intervened, as Cherrystone does in the Simon case. The redemption is invalid. N.J.S.A. 54:5-98.
Neither the statutes, N.J.S.A. 54:5-87, N.J.S.A. 54:5-89.1, N.J.S.A. 54:5-90, nor the court rules, R. 4:49-2; R. 4:50-1, authorized a reopening of the final judgment entered in the Simon case. See M & D Assocs. v. Mandara, 366 N.J.Super. 341, 350-52, 841 A.2d 441 (App.Div.), certif. denied, 180 N.J. 151, 849 A.2d 184 (2004) (standards of R. 4:50-1 apply to application on motion to vacate a default judgment of foreclosure). Cherrystone, who became interested in acquiring an assignment because of the foreclosure action, cannot claim mistake, inadvertence, surprise or excusable neglect. R. 4:50-1(a). Nor can Cherrystone rely on this court's decision in Landa v. Adams, 162 N.J.Super. 318, 322, 392 A.2d 1215 (App.Div.1978) to claim that Simon acted improperly in securing a final judgment or that it is entitled to vacate the judgment as void because it redeemed on the same day that the judgment was entered. R. 4:50-1(c), (d). Cherrystone, unlike the property owner in Landa, was not a party to the action and was not entitled to redeem. Landa, supra, 162 N.J.Super. at 322, 392 A.2d 1215. Cherrystone did not make a valid redemption in the "cause." N.J.S.A. 54:5-98; R. 4:64-6(b).
Cherrystone's claim that it intervened in the TriState case because TriState was required to file a motion to set aside its redemption is also without merit. Cherrystone had an affirmative obligation to apply for admission to the action prior to tendering funds for redemption to the tax collector. Cherrystone was an intermeddler. It acquired it an interest after identifying the holder as a person named in the foreclosure compliant. To hold that a person in that position satisfies its obligation "to apply to be made a party to the action" by making an unauthorized redemption and thereby forcing the foreclosing certificate holder to undertake additional litigation, we would be required to disregard the Legislature's direction to construe the statutes "to encourage barring the right of redemption by actions in the Superior Court." N.J.S.A. 54:5-85. We will not do that.
We hold that one who redeems an interest acquired post-complaint, without first applying for admission to the action, has not made a valid redemption in the cause. N.J.S.A. 54:5-98; R. 4:64-6(b). One who acquires an interest after the foreclosure complaint was filed without knowledge of the filing of the complaint, can intervene in the action to obtain approval to redeem. If they did not have knowledge of the action before, they will learn about it when they attempt to redeem. See N.J.S.A. 54:5-98 (the requirement to redeem in the action does not apply unless "notice of the suit has been filed in the office of the tax collector").
We reverse and remand both cases for entry of judgment of foreclosure in favor of the plaintiff, subject to such payments to Cherrystone as it can establish that it made directly to the holders of the prior tax sale certificates and the tax collectors. See Wattles, supra, 120 N.J. at 453-54, 577 A.2d 131; Bron, supra, 42 N.J. at 96, 199 A.2d 625; Weissman, supra, 355 N.J.Super. at 442, 810 A.2d 1077.
NOTES
[1] The question of Cherrystone's compliance with statutory procedures was not raised by the parties. We raised the issue at oral argument and allowed the parties to file supplemental briefs. Because the issue is significant to the proper execution of the laws governing municipal tax sales and because the record is sufficiently complete to permit adjudication, we address it. Borough of Keyport v. Maropakis, 332 N.J.Super. 210, 216, 753 A.2d 154 (App.Div.2000).