915 A.2d 509

RICHARD SIMON, TRUSTEE, PLAINTIFF-RESPONDENT, v. CATHERINE H. RANDO, UNMARRIED, ROBERT A. CORK-HILL, UNMARRIED, HARMONIA SAVINGS BANK, N/K/A SOVEREIGN BANK, CARF REALTY, 1997, L.L.C. AND FUNB CUSTODIAN FOR D. & H. ASSOCIATES, DEFENDANTS, AND CHERRYSTONE BAY, LLC, INTERVENOR-APPELLANT.

TRI STATE INVESTMENTS, PLAINTIFF-RESPONDENT v. ARSENIO E. ISASI, AIDA J. ISASI, FRANKLIN CREDIT MANAGEMENT CORPORATION, FIRST DEPOSIT NATIONAL BANK, MARTIN MEDVIN, VICKY MEDVIN AND STATE OF NEW JERSEY, DEFENDANTS, AND CHERRYSTONE BAY, LLC, INTERVENOR-APPELLANT.

Argued November 29, 2005—Reargued September 12, 2006—Decided January 29, 2007.

*Robert W. Keyser,* argued the cause for intervenor-appellant (*Kaplin Stewart Meloff Reiter & Stein,* attorneys; *Mr. Keyser, Lisa A. Buckalew* and *Anthony L. Velasquez,* on the briefs).

*Keith A. Bonchi,* argued the cause for respondents (*Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill,* attorneys).

*Adam D. Greenberg* and *Robert N. Wright, Jr.,* submitted a brief on behalf of amici curiae New Jersey State League of Municipalities and the Tax Collectors and Treasurers Association of New Jersey (*Honig & Greenberg,* attorneys).

Justice ALBIN delivered the opinion of the Court.

In *Simon v. Cronecker*, 189 *N.J.* 304, 915 *A.*2d 489, 2007 *WL* 208520 (2007), decided today, we held that "the Tax Sale Law does not prohibit a third-party investor from redeeming a tax sale certificate after the filing of a foreclosure action, provided that the investor timely intervenes in the action and pays the property owner more than nominal consideration for the property." *Id.* at 311, 915 *A.*2d at 493. Thus, in the post-foreclosure complaint period, unless the third-party investor who acquires an interest in the subject property first receives court approval, the investor has no right to participate, directly or indirectly, in the redemption of a tax certificate. *Id.* at 338, 915 *A.*2d 509. In *Cronecker*, the third-party investor, Cherrystone Bay, LLC (Cherrystone), contracted to purchase properties from owners facing foreclosure based on unredeemed tax sale certificates. Because Cherrystone "did not seek to become a party to the action before arranging for the redemption of the tax certificates" in violation of the Tax Sale Law, we voided Cherrystone's contracts and "impose[d] constructive trusts in favor of defendant property owners, granting [the tax certificate holders] the opportunity to assume Cherrystone's contractual rights." *Id.* at 338, 915 *A.*2d at 508–09. The consolidated appeals before us present a factual variation of the theme in *Cronecker*.

I.

For purposes of these appeals, an abbreviated factual history will suffice; a detailed recitation may be found at *Simon v. Rando*, 374 *N.J.Super.* 147, 150–52, 863 *A.*2d 1078 (App.Div.2005). In the present cases, third-party investor Cherrystone entered the scene after plaintiffs Richard Simon and TriState Investments, the tax certificate holders, waited more than the two-year period required in *N.J.S.A.* 54:5–86 and filed actions to foreclose on their tax certificates. *Id.* at 150–51, 863 *A.*2d 1078. Instead of purchasing the subject properties, as it did in *Cronecker*, here Cherrystone purchased prior tax sale certificates. *Id.* at 151, 863 *A.*2d 1078.

Under *N.J.S.A.* 54:5–54, a holder of a prior tax sale certificate is authorized to redeem a subsequently issued tax sale certificate. The holder of the prior certificate may then file a foreclosure action to acquire the subject property in fee simple. *N.J.S.A.* 54:5–86 to –87.

Both plaintiff Simon and plaintiff TriState rebuffed Cherrystone's offers to purchase their tax certificates. *Id.* at 151–52, 863 *A.*2d 1078. Without first intervening in the foreclosure actions, Cherrystone made arrangements to have plaintiffs' certificates redeemed in the tax collectors' offices in the municipalities in which the properties were located. *Ibid.* The tax collectors in both cases accepted the monies necessary for redemption of the tax certificates. *Ibid.* In both cases, the trial courts ultimately allowed Cherrystone to intervene in the foreclosure actions after the redemption of the tax certificates, and then approved the redemptions, thus thwarting plaintiffs from obtaining title in fee simple to the subject properties. *Ibid.*

The Appellate Division reversed, in a thorough and well-reasoned opinion written by Judge Grall, finding that Cherrystone's redemptions were invalid. *Id.* at 157–59, 863 *A.*2d 1078. The appellate panel held that "one who redeems an interest acquired post-complaint, without first applying for admission to the action, has not made a valid redemption in the cause." *Id.* at 158, 863 *A.*2d 1078. We granted certification. 183 *N.J.* 585, 874 *A.*2d 1104 (2005).

II.

We now affirm substantially for the reasons given by Judge Grall with the following caveat. The appellate panel relied on certain broad pronouncements in *Wattles v. Plotts*, 120 *N.J.* 444, 450–53, 577 *A.*2d 131 (1990), which condemned intermeddling by third-party investors (described as heir hunters) in the tax sale foreclosure process. In *Cronecker, supra,* we rejected the view suggested in *Wattles* that after the filing of a foreclosure action a third-party investor who purchases property for more than nomi-

nal consideration and properly intervenes in the action may be barred from redeeming a tax sale certificate on public policy grounds. 189 *N.J.* at 328, 915 *A.*2d at 503.

As more fully explained in *Cronecker*, a third-party investor, such as Cherrystone, must intervene in the foreclosure action before attempting to redeem the certificate at the tax collector's office. *Id.* at 335–38, 915 *A.*2d at 507–09. That follows from a plain reading of the relevant sections of *N.J.S.A.* 54:5–89.1 and 54:5–98. Specifically, *N.J.S.A.* 54:5–98 states that "[a]fter the complaint has been filed redemption *shall be made in that cause only,* provided notice of the suit has been filed in the office of the tax collector." (emphasis added); *see also R.* 4:64–6(b) ("In such actions redemption shall be made in the action only, provided notice of the action has been filed in the tax collector's office."). A third-party investor's obligation to intervene in the action becomes even clearer in conjunction with *N.J.S.A.* 54:5–89.1. That statute provides in pertinent part:

> No person, however, shall be admitted as a party to such action, nor shall he have the right to redeem the lands from the tax sale whenever it shall appear that he has acquired such interest in the lands for a nominal consideration after the filing of the complaint. . . .
>
> [*N.J.S.A.* 54:5–89.1.]

In *Cronecker*, we observed that "[i]n enacting *N.J.S.A.* 54:5–89.1, the Legislature intended to extend judicial scrutiny to financial arrangements between third-party investors and property owners during the post-foreclosure complaint period." *Id.* at 328, 915 *A.*2d at 503. We held that "[t]he purpose of *N.J.S.A.* 54:5–89.1 is not to bar third-party investors from helping property owners in desperate need of financial assistance, but rather to ensure that the third-party investors do not exploit vulnerable owners by offering only nominal consideration for their property interests." *Id.* at 328, 915 *A.*2d at 503. We find that reasoning applies with equal force when a third-party investor purchases prior tax sale certificates. That is so because a prior tax sale certificate is an interest in land pursuant to *N.J.S.A.* 54:5–31 to – 32, –46. Therefore, in the post-foreclosure complaint period, the

prior tax certificate too must be purchased for more than nominal consideration by a third-party investor. *See N.J.S.A.* 54:5–89.1.

Accordingly, after purchasing the prior tax certificates for more than nominal consideration, had Cherrystone timely intervened in the tax sale foreclosure action, with the court's approval it then could have redeemed plaintiffs' subsequently acquired tax certificates. As we said in *Cronecker*:

> We are presented with commercial competitors, one claiming to advance society's interest in collecting taxes from tax-dormant properties and the other claiming to champion the right of owners to freely sell their properties. These sophisticated investors are clearly capable of looking after their own interests. *See Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr.,* 182 *N.J.* 210, 230, 864 *A.*2d 387 (2005) ("We are not eager to impose a set of morals on the marketplace. Ordinarily, we are content to let experienced commercial parties fend for themselves....."). In pursuing their self-interests to maximize their profits, the parties make possible the achievement of socially desirable objectives. Provided the parties comply with the dictates of the Tax Sale Law and other relevant laws, this Court is loath to intervene in the self-regulating forces of the marketplace, particularly when competition will result in protecting a property owner's interest from forfeiture.
>
> [*Id.* at 330, 915 *A.*2d at 504.]

The logic of the marketplace is no less persuasive when the property interests acquired by a third-party investor, such as Cherrystone, are prior tax sale certificates. Tax certificate holders, such as plaintiffs, who want to foreclose on their certificates and acquire title to the property without fear of intermeddling by the likes of a Cherrystone, can simply offer to purchase the interests of the prior tax certificate holders first. *See id.* at 331, 915 *A.*2d at 504–05. Thus, subsequent tax certificate holders have the means to protect their interests from competitors.

### III.

■ We agree with the appellate panel that Cherrystone should not benefit from its failure to redeem the tax certificates without first having intervened in the foreclosure actions. We therefore affirm the Appellate Division in both cases and remand for entry of foreclosure judgments in favor of plaintiffs, but require plaintiffs to reimburse Cherrystone for any payments made to the

holders of the prior tax sale certificates and accepted by the tax collectors. *See Rando, supra,* 374 *N.J.Super.* at 159, 863 *A.*2d 1078.

*For affirmance and remandment*—Justices LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA–SOTO—5.

*Opposed*—None.