**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1173-17T3

MAS CAPITAL, LLC,

     Plaintiff-Appellant,

v.

BLOCK 1, LOT 83, 121 COURT
STREET, ELIZABETH CITY, NEW
JERSEY ASSESSED TO: ALFREDO
LEYVA-CAMPOS and ANA
LEYVA-CAYADO,

     Defendants,

and

CARISBROOK ASSET HOLDING
TRUST,

     Intervenor-Respondent.

_____

        Argued November 28, 2018 – Decided December 13, 2018

        Before Judges Nugent and Reisner.

        On appeal from Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-017541-16.

Jeffrey B. Datz argued the cause for appellant (Taylor and Keyser, attorneys; Robert W. Keyser, of counsel and on the briefs; Jeffrey B. Datz, on the briefs).

Sonya Gidumal Chazin argued the cause for respondent (Phelan Hallinan Diamond & Jones, PC, attorneys; Sonya Gidumal Chazin, of counsel and on the brief).

PER CURIAM

In this tax foreclosure case, plaintiff Mas Capital, LLC (Mas Capital) appeals from an October 27, 2017 order, permitting a mortgage holder, Carisbrook Asset Holding Trust (Carisbrook), leave to intervene in the foreclosure action and redeem the outstanding tax sale certificates held by plaintiff. We affirm.

Because we write this opinion primarily for the parties, who are familiar with the background of the case and the governing law, a short discussion will suffice. The case began when Mas Capital purchased tax lien certificates that were issued due to the nonpayment of a few hundred dollars in municipal utility charges. The property was also subject to a $133,726 mortgage, held by Newlands Asset Holding Trust (Newlands), which had bought the mortgage as part of a bundle of thousands of mortgages.

Upon learning that this particular mortgaged property was subject to a tax lien, Newlands sought to pay off the lien with the tax collector. The payment

2

was rejected, due to the pending foreclosure. Newlands then filed a motion to intervene in the foreclosure case. The trial court first granted Newlands' application, but then denied it after Mas Capital filed a reconsideration motion. Newlands then transferred the mortgage to Carisbrook. The trial court initially denied Carisbrook's motion to intervene and redeem the tax certificates, but granted the motion on reconsideration. This appeal followed.

After reviewing the record, we conclude that the trial court initially erred in denying Newlands permission to intervene in the foreclosure action. There is no evidence that either Newlands or Carisbrook was a title raider. Rather, as previously noted, the mortgage in question was purchased as part of a larger transaction, in which these companies bought and sold bundles of mortgages. There is no evidence that Newlands or Carisbrook bought the mortgage for only nominal value. As a mortgage holder, Newlands had the right to redeem the tax lien. See N.J.S.A. 54:5-54. Newlands' prior attempt to redeem through the tax collector did not bar its intervention motion.

Mas Capital contends that if a tax foreclosure suit is pending, an entity that attempts to redeem a tax certificate with the tax collector, instead of moving to intervene in the foreclosure action, is thereafter forever barred from filing an intervention motion. We disagree. Mas Capital's argument is based on a

misreading of a trilogy of foreclosure cases – Simon v. Cronecker, 189 N.J. 304 (2007), Simon v. Rando, 189 N.J. 339 (2007), and Malinowski v. Jacobs, 189 N.J. 345 (2007). In those cases, mortgagees or real estate investors actually succeeded in paying off the tax certificates, despite pending foreclosure litigation. The Court disapproved that procedure, holding that once a tax foreclosure suit is filed, any third party seeking to redeem the certificates must first move to intervene in the foreclosure action. Cronecker, 189 N.J. at 336-37; Rando, 189 N.J. at 342-44; Malinowski, 189 N.J. at 353; see N.J.S.A. 54:5-98 (after foreclosure suit is filed, redemption may only take place in that action).[1] As a remedy, the Court ordered that the entities that wrongfully redeemed the properties would hold them in constructive trust for the original tax lien holder. Cronecker, 189 N.J. at 338. The Court did not hold that an entity that mistakenly, but unsuccessfully, attempts to redeem certificates through the tax collector is thereafter forever barred from following the correct procedure by moving to intervene in the foreclosure action.

---

[1] The Court observed that the primary purpose for that procedure was to prevent the exploitation of financially distressed homeowners, by assuring the trial court that the third party was paying the homeowner more than a nominal consideration for the property. Cronecker, 189 N.J. at 320-22; see N.J.S.A. 54:5-89.1 (no person shall be permitted to intervene "whenever it shall appear that he has acquired such interest in the lands for a nominal consideration after the filing of the complaint . . .").

A-1173-17T3

Mas Capital's arguments on the redemption issue are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

On the record presented to us, Mas Capital's next contention – that Carisbrook was not authorized to transact business in New Jersey – was not briefed, argued or decided in the trial court. Nor has Mas Capital cited any case law on the issue. We decline to address the issue for the first time on appeal. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234-35 (1973).

The trial court's January 5, 2018 order, staying Carisbrook's right of redemption pending appeal, is hereby vacated.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1173-17T3