NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1265-20

GREEN KNIGHT CAPITAL, LLC,

     Plaintiff-Appellant,

v.

GABRIEL CALDERON, a/k/a
GABRIEL I. GOMEZ-CALDERON,
MRS. GABRIEL CALDERON,
a/k/a MRS. GABRIEL I. GOMEZ-
CALDERON, ROSA ELVIRA
CALDERON, THE 133 73rd
STREET CONDOMINIUM
ASSOCIATION, and STATE OF
NEW JERSEY,

     Defendants,

and

133 73rd STREET APT, LLC,

     Intervenor-Respondent.

_____

**APPROVED FOR PUBLICATION**

**October 18, 2021**

**APPELLATE DIVISION**

> Argued September 29, 2021 – Decided October 18, 2021
>
> Before Judges Whipple, Geiger, and Susswein.
>
> On appeal from the Superior Court of New Jersey, Hudson County, Chancery Division, Docket No. F-005626-20.

Keith A. Bonchi argued the cause for appellant (Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, attorneys; Keith A. Bonchi, of counsel and on the briefs; Elliott J. Almanza, on the briefs).

Stephen McNally argued the cause for intervenor-respondent (Chiumento McNally, LLC, attorney; Stephen McNally, on the brief).

The opinion of the court was delivered by

GEIGER, J.A.D.

In this action to foreclose a tax sale certificate, plaintiff Green Knight Capital, LLC appeals from three December 4, 2020 Chancery Division orders. The first denied plaintiff's motion to bar redemption and impose a constructive trust. The second granted respondent 133 73rd Street Apt, LLC's motion to intervene and permit redemption. The third denied plaintiff's motion to set the time, place, and amount of redemption as moot.

The record discloses that plaintiff was the holder of a tax sale certificate on a condominium unit located in North Bergen (the property). On April 22, 2020, after waiting the requisite two-year period, see N.J.S.A. 54:5-58 to -60, plaintiff filed a complaint to foreclose on the property owner's right of redemption and to obtain title to the property. On September 22, 2020, respondent purchased the property from defendant Gabriel Calderon in "as-is" condition for $100,000. Calderon netted $63,194.58 from the sale.

On September 22, 2020, the date the sale of the property closed, a check for the full redemption amount, including interest through September 30, 2020, was sent to the tax collector. The check was received by the tax collector the next day. Plaintiff advised the tax collector that it rejected the attempted redemption as illegal and directed the tax collector to return the redemption funds. On September 24, 2020, plaintiff filed a request to enter default and filed a motion for an order setting the time, place, and amount of redemption. The motion remained undecided.

On October 7, 2020, plaintiff filed a motion to bar redemption and impose a constructive trust. Although respondent had already tendered a check for the full redemption amount, on November 17, 2020, respondent filed a cross-motion to intervene and permit redemption before the last date for redemption was set. Indeed, the trial court did not set a last date and ultimately denied plaintiff's motion to set the time, place, and manner for redemption as moot.

On December 4, 2020, the trial court issued a lengthy oral decision and entered the three orders at issue. On appeal, plaintiff argues:

> The trial court committed reversible error by refusing to follow the Supreme Court's binding precedent under identical circumstances in Simon v. Cronecker, 189 N.J. 304 (2007).

A-1265-20

Plaintiff claims that respondent's attempted redemption was invalid under Cronecker because respondent did not move for intervention before attempting to redeem the tax sale certificate. We disagree, finding the controlling facts in Cronecker and the Court's companion opinion, Simon v. Rando, 189 N.J. 339 (2007), to be materially distinguishable. We affirm the three orders but do so for reasons different than those expressed by the trial court.[1]

In Cronecker, "[a] third-party investor contracted to purchase defendants' properties and arranged for the redemption of the tax certificates, without intervening first in the foreclosure action." 189 N.J. at 310. The Court held that a third-party investor will be allowed to redeem a tax sale certificate if the investor moves in a timely manner to intervene in the foreclosure action, id. at 336-37, and offers more than nominal consideration, id. at 334-36. The Court explained:

> When a person attempts to redeem a tax certificate, the tax collector need only look to the foreclosure complaint for the names of persons with an interest in the property. Any person not named in the complaint must move to intervene in the action. Without the

[1] See Hayes v. Delamotte, 231 N.J. 373, 387 (2018) (explaining that appellate courts review orders, not opinions). An appellate court is "free to affirm the trial court's decision on grounds different from those relied upon by the trial court." State v. Heisler, 422 N.J. Super. 399, 416 (App. Div. 2011) (citation omitted).

A-1265-20

court's approval, that person is not entitled to redeem the tax certificate. On the other hand, if the third-party investor properly intervenes and satisfies the court that more than nominal consideration has been offered for the property interest, then the court can issue an order making the investor a party to the foreclosure action. With that order and appropriate notice to the tax collector, the intervenor can then redeem the tax certificate.

[Id. at 336-37 (citation omitted).]

The Court held that "before redeeming or causing to be redeemed the tax certificate," the investor seeking to redeem "had the duty to apply for admission to the foreclosure actions." Id. at 337. The investor "did not have a right to tender funds to the tax collector without prior judicial authorization." Ibid. The investor's "failure to follow the clear dictates of the Tax Sale Law and our court rules renders any redemption or attempted redemption invalid." Ibid. Accordingly, "[o]ne who acquires an interest post-complaint and is not named in the court's order of redemption is barred from redeeming through the tax collector." Id. at 336-37 (alteration in original) (quoting Simon v. Rando, 374 N.J. Super. 147, 157 (App. Div. 2005), aff'd, 189 N.J. 339 (2007)).

Cronecker involved two consolidated cases. In the Cronecker matter, the trial court entered an order setting August 22, 2005 as the last date to redeem the tax sale certificate. Id. at 312. In September 2005, the plaintiff

filed a motion to bar redemption. Ibid. In response, the investor "for the first time" moved to intervene in the foreclosure action. Ibid.

Similarly, in the Grivas v. Smyth matter, the last day to redeem the tax certificate was set for March 14, 2005. Id.at 313. One day after the last date set for redemption, the investor tendered a redemption check to the tax collector. Id. at 314. The tax collector refused to accept the check. Ibid. The foreclosure judgment was later vacated due to defective service of process on the Smyths. Ibid. The last day to redeem was reset to September 8, 2005. Ibid. Following remittance of the redemption amount to the tax collector on September 6, 2005, the plaintiff refused to release the tax sale certificate and discharge the lien on the property. Ibid. The plaintiff then moved to bar the redemption and the investor cross-moved to compel the plaintiff to discharge the tax lien. Ibid.

In Rando, a holder of a tax sale certificate initiated a foreclosure action. Rando, 374 N.J. Super. at 150. On May 16, 2003, the trial court entered an order setting the amount to redeem and July 7, 2003, as the last day to redeem the tax certificate. Ibid. A third-party investor that purchased prior tax sale certificates sought to redeem the tax sale certificate held by the plaintiff without first intervening in the pending foreclosure action. Id. at 151. On July 8, 2003, the tax collector accepted the redemption amount. Ibid. The trial

A-1265-20

court entered final judgment in favor of the plaintiff that same day. Ibid. On July 31, 2003, the investor filed a motion to intervene in the foreclosure action and to vacate the final judgment. Ibid. The trial court granted the motion. Ibid. We reversed the trial court and the Supreme Court affirmed. Rando, 189 N.J. at 342. The Court reiterated that a third-party investor "must intervene in the foreclosure action before attempting to redeem the certificate in the tax collector's office." Id. at 343. "Accordingly, after purchasing the prior tax certificates for more than nominal consideration, had [the investor] timely intervened in the tax sale foreclosure action, with the court's approval it then could have redeemed plaintiffs' subsequently acquired tax certificates." Id. at 344.

Here, in contrast to Cronecker, an order setting the time, place, and amount of redemption was never entered, much less entered before respondent tendered the redemption amount and filed its motion to intervene. And, unlike in this matter, the investor in Rando waited until twenty-four days after the last date to redeem and twenty-three days after the entry of judgment to move to intervene in the foreclosure action. We thus find these facts materially distinguishable.

We hold that when an investor has an interest in the property in foreclosure, is prepared to redeem the tax sale certificate, and files a motion to

intervene in the foreclosure action before the entry of an order setting the last date for redemption, the investor is permitted to intervene and redeem the tax certificate. Accordingly, we affirm the three orders entered by the trial court.

We do not reach the issue of whether the consideration paid by respondent was nominal. Plaintiff did not raise or brief that issue on appeal. "An issue not briefed on appeal is deemed waived." Woodlands Cmty. Ass'n v. Mitchell, 450 N.J. Super. 310, 319 (App. Div. 2017) (quoting Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011)). We deem the issue waived.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1265-20