**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2461-20

FIG CAP INVESTMENTS
NJ13, LLC,

     Plaintiff-Respondent,

v.

BLOCK 512, f/k/a 207.03,
LOT 111, f/k/a 2 405 BIGELOW
LANE, TOWNSHIP OF VERNON,
STATE OF NEW JERSEY,
assessed to VERONICA
STACHELSKI and ROBERT F.
STACHELSKI, SR.,

     Defendants.

---

ERIC CARD and LYNN CARD,

     Intervenors-Appellants.

---

Argued February 1, 2022 – Decided March 22, 2022

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Sussex County, Docket No. F-011155-19.

Geoffrey T. Bray argued the cause for appellants (Bray & Bray, LLC, attorneys; Geoffrey T. Bray, on the briefs).

Amber J. Monroe argued the cause for respondent (Gary C. Zeitz, LLC, attorneys; Robin I. London-Zeitz, on the brief).

PER CURIAM

In this action, appellants Eric and Lynn Card sought to intervene in the underlying foreclosure matter and redeem a tax sale certificate. The court denied the motion to intervene, finding appellants had failed to comply with the procedure for redemption established under Simon v. Cronecker, 189 N.J. 304, 310 (2007). Because appellants tendered the monies to redeem the certificate and filed a motion to intervene before any court-ordered date for redemption had passed, we reverse.

In 2017, plaintiff purchased the tax sale certificate for a property in the Township of Vernon. In June 2019, plaintiff filed a complaint to foreclose on the property owner's right to redemption and to obtain title to the property. Plaintiff's subsequent motion for a declaration that the property was abandoned was granted.

2

On September 16, 2019, appellants entered into a contract with the property owner, defendant Veronica Stachelski, to purchase the property for $25,000. On September 20, a representative of the title insurance company informed appellants' counsel of the issues regarding the insurability of the title, including the tax sale certificate held by plaintiff and the foreclosure complaint. The underwriting counsel recommended that appellants contact plaintiff's attorney to obtain "an estoppel on th[e] foreclosure" and the opportunity to "redeem [the] property once [an a]mount is agreed upon . . . OR FILE [A] MOTION TO INTERVENE ON FORECLOSURE ACTIVITY."

On September 23, 2019, plaintiff served defendant with the Notice of In Rem Foreclosure of Tax Lien Titles and the order determining the property was abandoned and plaintiff published the Notice of Foreclosure in the local newspaper. The Notice stated that any person desiring to contest the foreclosure must either pay the redemption amount plus interest or file an answer to the foreclosure complaint within forty-five days of the date of the publication.

On October 2, 2019, appellants advised plaintiff they had executed a contract to purchase the property and "would like to determine the amount of the payoff of the tax lien and obligation in order to bring [the] matter to conclusion." Plaintiff did not respond to appellants, but five days later emailed

3

Vernon Township's tax collector, approving the "Verification Request" for the tax sale certificate and further stating, "Please proceed with redemption. Once the Lien is redeemed, please notify us immediately and we will release the certificate."

On October 16, 2019, appellants' counsel emailed plaintiff's counsel: "Please review the attached and advise."[1] Plaintiff's counsel replied on October 24: "I will need a copy of the contract of sale to show my client before I can respond. They will also need to see the payoff that you obtained from the tax office to verify that it is correct."

On October 30, 2019, appellants and defendant closed on the sale of the property for the purchase price of $25,000. Later that day, plaintiff's counsel informed appellants that plaintiff "will not agree to waive the requirement that you file a motion to intervene in the foreclosure prior to redeeming as required by the Cronecker line of decisions based upon what they perceive to be a very low purchase price for this property."

As part of the closing, appellants paid the full redemption amount owed on the tax lien of $28,800.89 to the tax collector. The tax collector accepted and processed the payment. On the same date, plaintiff emailed the tax collector

---

[1] The record does not include the attachment.

advising, "Please note that due to this property being in an active foreclosure case, we are unable to accept redemption at this time. We will alert you if and when this changes." The tax collector forwarded that message to appellants' counsel on November 1, 2019, stating she was "not really [sure] what to do at [that] point."

Appellants moved to intervene in the foreclosure action on November 14, 2019, seeking a court order to compel plaintiff to accept the redemption of the tax lien. Plaintiff opposed the motion, stating appellants had not followed the procedure established under Cronecker and N.J.S.A. 54:5-89.1 because appellants did not seek permission from the court prior to redeeming the tax lien and because the $25,000 purchase price and the $28,800.89 redemption costs (together equaling $53,800.89) was nominal consideration. Plaintiff requested the court "order a constructive trust on the transaction between [d]efendant and [i]ntervenor, thereby allowing [p]laintiff to purchase the [p]roperty under the same terms and conditions as the September 16, 2019 [c]ontract."

The court denied appellants' motion on December 9, 2019 and ordered a constructive trust, granting plaintiff the opportunity to assume appellants' rights under the contract for the purchase of the property. The court directed plaintiff

5

to submit a supplemental order consistent with the court's decision outlining the expenses plaintiff was to reimburse appellants.

In an oral decision, the judge initially found the purchase price for the property was more than nominal. The property had been abandoned and unoccupied for many years and was deemed uninhabitable in its present condition. When it was last listed for sale by defendant, the listing price was $75,000. There were no offers.

However, the court further found that appellants had not followed the Cronecker procedure because they failed to intervene in the foreclosure case prior to redeeming the tax sale certificate. Therefore, the court denied appellants' motion to intervene. Subsequent orders granted a constructive trust and ordered plaintiff to reimburse appellants approximately $60,000 for the redemption of the tax lien, the purchase price, closing costs, and other documented costs incurred by appellants.

On appeal, appellants assert the court erred in denying their motion to intervene. They also raise issues regarding the constructive trust. We review the court's order for an abuse of discretion. Town of Phillipsburg v. Block 1508, Lot 12, 380 N.J. Super. 159, 173 (App. Div. 2005).

The trial court relied on <u>Cronecker</u> in denying appellants' motion to intervene and redeem the tax sale certificate. The parties do not dispute the court's finding that the property owner received more than nominal consideration for the property. Therefore, we only address the timing of the redemption and attempted intervention. We find the controlling facts in <u>Cronecker</u> and its companion opinion, <u>Simon v. Rando</u>,[2] to be materially distinguishable from the circumstances here.

In both <u>Cronecker</u> and <u>Rando</u>, the trial court entered orders establishing a specific date as the last date to redeem the tax sale certificate. <u>Cronecker</u>, 189 N.J. at 312; <u>Rando</u>, 374 N.J. Super. at 150. In <u>Cronecker</u>, the plaintiff moved to bar redemption a month after the redemption date expired. 189 N.J. at 312. Thereafter, the investor moved to intervene in the foreclosure action. <u>Ibid.</u> The Court held that before redeeming the tax certificate, the third-party investor had to intervene in the foreclosure action and show more than nominal consideration had been offered for the property interest. <u>Id.</u> at 337.

In <u>Rando</u>, the trial court entered final judgment in favor of the plaintiff the day after the last date set to redeem the tax sale certificate. 374 N.J. Super. at 151. Approximately two weeks later, the investor moved to intervene in the

---

[2] 374 N.J. Super. 147 (App. Div. 2005), <u>aff'd</u>, 189 N.J. 339 (2007).

7
<span>A-2461-20</span>

foreclosure action and to vacate the final judgment. Ibid. The Court reiterated that a third-party investor must intervene in the foreclosure action and receive judicial authorization prior to redeeming the tax sale certificate. Id. at 343.

Here, no order was ever entered setting the last date of redemption and the amount of redemption. Instead, plaintiff relies on its Notice of Foreclosure, which stated any interested party had to redeem the certificate or file an answer to the complaint within forty-five days after the date of publication of the notice. Plaintiff contends that its Notice established a redemption deadline of November 7, 2019.[3] We are unaware of any authority that the Notice of Foreclosure sets a presumptive date for redemption.

To the contrary, under N.J.S.A. 54:5-54, any interested person may redeem the tax sale certificate at any time before the final date for redemption set by the court. And N.J.S.A. 54:5-86 permits redemption "until barred by the judgment of the Superior Court." See also R. 4:64-6(b) ("Redemption may be made at any time until the entry of final judgment . . . .").

As stated, the Court in Cronecker and Rando relied on the trial court's order setting a redemption date. Therefore, lacking a court order establishing a

---

[3] This argument was not raised to the trial court. Nor was the Notice included in the trial court record. Nevertheless, we address it for completeness.

8

redemption date, the circumstances here differ from Cronecker and Rando. Instead, the facts are similar to this court's recent decision in Green Knight Cap., LLC v. Calderon, 469 N.J. Super. 390 (App. Div. 2021), cert. granted, __ N.J. __ (2022).

In Green Knight, plaintiff filed a complaint to foreclose on the property owner's right of redemption. Id. at 392. Thereafter, without first intervening, a third party purchased the property and paid the full redemption amount to the tax collector. Ibid. Several days later, the plaintiff moved for an order setting the time, place, and amount of redemption. Ibid. The motion was not yet decided when the plaintiff moved to bar redemption and impose a constructive trust. The third-party investor subsequently filed its motion to intervene. Id. at 392-93. The trial court granted the motion and permitted redemption. Ibid.

On appeal, this court held that "when an investor has an interest in the property in foreclosure, is prepared to redeem the tax sale certificate, and files a motion to intervene in the foreclosure action before the entry of an order setting the last date for redemption, the investor is permitted to intervene and redeem the tax certificate." Id. at 395-96.

Because the record does not reflect a court order setting a final date for redemption, we conclude appellants moved to intervene prior to the redemption

deadline. Furthermore, after appellants notified plaintiff of the purchase contract and provided a copy of it upon plaintiff's request, plaintiff informed the tax collector she could proceed with the redemption. Relying on these actions, appellants closed on the property. It was not until after the closing that plaintiff advised appellants of its objection to the redemption because appellants had not complied with the Cronecker intervention procedure. The tax collector had already accepted the redemption proceeds from the closing.

The trial court mistakenly exercised its judgment in denying appellant's intervention motion. Because no final date for redemption was established by court order, the redemption of the tax sale certificate and subsequent motion for intervention were made during the time frame in which redemption was possible. Under Rule 4:64-6(b), redemption of a tax sale certificate may occur any time prior to the entry of final judgment. Therefore, the purpose behind the Cronecker procedure was not thwarted because there was still time for judicial scrutiny of the third-party purchase. And here, there was no prejudice to plaintiff or defendant as the court found there was more than nominal consideration paid for the property.

We reverse the December 9, 2019 order denying intervention and vacate the subsequent December 19, 2019 and March 24, 2021 orders imposing a

10

constructive trust. We remand to the trial court for the entry of an order permitting intervention and further proceedings.

Reversed, vacated, and remanded in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

11