906 A.2d 1117 (2006)
388 N.J. Super. 179
Robert DEL VECCHIO, Trustee of the Robert Del Vecchio Pension Trust, Plaintiff-Respondent,
v.
Frank W. HEMBERGER and Patricia D. Hemberger, Defendants-Appellants, and
National Financial Co., Sella & Richardson, Ramapo Bank, Chilton Memorial Hospital SAS Graphics Supply, Inc. and State of New Jersey, Defendants.
Cherrystone Bay, LLC Proposed Intervenor/Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 16, 2006.
Decided July 19, 2006.
*1118 Steven W. Griegel argued the cause for appellants (Roselli Griegel P.C., attorneys; Mr. Griegel on the brief).
Maeve E. Cannon, Princeton, argued the cause for intervenor-appellant (Hill Wallack, attorneys; Ms. Cannon, of counsel, Megan McGeehin Schwartz and Ms. Cannon on the brief).
Keith A. Bonchi, Atlantic City, argued the cause for respondent (Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, attorneys; Mr. Bonchi on the brief).
Before Judges SKILLMAN, PAYNE and SABATINO.
The opinion of the court was delivered by
PAYNE, J.A.D.
The New Jersey's Tax Sale Law, N.J.S.A. 54:5-1 to -104.75, governs the creation, enforcement and collection of liens for unpaid taxes and other municipal liens on real property. Pursuant to that statute, if taxes owed to a taxing authority are delinquent for a stated period, a lien arises on the land on which the taxes are assessed. N.J.S.A. 54:5-6. The authority may enforce the lien by selling it pursuant to statutory procedures. N.J.S.A. 54:5-19. When such a sale occurs, the purchaser acquires the lien interest of the taxing authority represented by a tax sale certificate, an interest that is subordinate to the statutory right of redemption of the property owner and parties holding other statutorily designated interests. Savage v. Weissman, 355 N.J.Super. 429, 439, 810 A.2d 1077 (App.Div.2002). The right of redemption of a holder of a property interest *1119 superior to that of the tax sale certificate holder can be exercised by paying the amounts owed plus accrued interest at any time until the right to redeem has been cut off. N.J.S.A. 54:5-54. After two years, however, the purchaser of a tax sale certificate may institute an action to bar the right of redemption and foreclose on the property. N.J.S.A. 54:5-86. If redemption occurs, the holder of the tax certificate receives a return of its investment plus interest and expenses. N.J.S.A. 54:5-58. If redemption does not occur and an order of foreclosure is entered, the holder of the tax sale certificate receives the greater benefits of ownership of the property. N.J.S.A. 54:5-87.
Because the complaint in foreclosure must identify parties with a recorded interest in the property that is subject to foreclosure, N.J.S.A. 54:5-86.3, the opportunity arises for third-party "raiders" who search records maintained by the Superior Court's Foreclosure Unit to locate one or more of those parties, purchase their interest and effect a redemption that might not otherwise occur, thereby markedly reducing the economic benefits accruing to the tax sale certificate holder. Cherrystone Bay, LLC, the proposed intervenor in this case, has frequently acted as such a raider. Its efforts in that regard have led to considerable litigation and a number of court decisions that are presently under review in the Supreme Court. See Simon v. Rando, 374 N.J.Super. 147, 863 A.2d 1078 (App.Div.), certif. granted, 183 N.J. 585, 874 A.2d 1104 (2005); Malinowski v. Jacobs, No. A-5083-03T2 (App.Div. July 8, 2005), appealed as of right pursuant to R. 2:2-1(a)(2); Simon v. Cronecker, No. CPM-F-18991-03 (Ch. Div. December 1, 2005), certif. granted, 188 N.J. 259, 905 A.2d 869 (2006); and Grivas v. Smyth, No. CPM-F-79-04 (Ch. Div. December 1, 2005), certif. granted, 188 N.J. 259, 905 A.2d 869 (2006).
This appeal presents an issue that does not exist in any of the cases before the Supreme Court. It arises out of the fact that the conclusion of the period for redemption established by the court in a strict foreclosure action does not signal the end of the right to redeem, which occurs only when the judgment of foreclosure is entered. N.J.S.A. 54:5-86; Landa v. Adams, 162 N.J.Super. 318, 323, 392 A.2d 1215 (App.Div.1978) (holding that the right to redeem remains until the close of the day upon which judgment is entered). Typically, a substantial time delay occurs between the execution of a certification of non-redemption by the tax collector at the end of a court-set redemption period and the entry of the judgment of foreclosure. Here, however, the process was accelerated, so that judgment was entered on the day following the conclusion of the redemption period. That judgment acted as a bar to efforts by the property owners, defendants Frank and Patricia Hemberger, assisted financially and otherwise by Cherrystone, to redeem the property on the day after entry of judgment.
Following rejection by the tax assessor of their proffer of funds, the Hembergers, represented by counsel referred to them by Cherrystone[1] and paid for by that entity, moved pursuant to R. 4:50-1 to vacate the foreclosure judgment. This appeal is from orders denying that motion, as well as orders denying a subsequent motion for reconsideration by the Hembergers and a motion to intervene by Cherrystone.

I.
On June 6, 2002, plaintiff Robert Del Vecchio purchased a tax sale certificate on *1120 residential property owned by the Hembergers. After waiting the necessary two years, on June 18, 2004, he instituted a foreclosure action, naming as defendants the Hembergers and their mortgagee, National Financial Company, as well as other parties. However, on December 13, 2004, Del Vecchio voluntarily dismissed National Financial from the action, thereby preserving its two mortgages on the property from foreclosure. Following entry of the judgment of foreclosure, Del Vecchio purchased an assignment of the mortgages from National Financial.
January 31, 2005 was fixed by the court as the final date for redemption, and on February 1, 2005 a final judgment of foreclosure was entered. On February 2, 2005, Cherrystone contracted with the Hembergers for the purchase of their house for a price of $84,000, from which would be subtracted outstanding tax obligations of approximately $34,000, leaving the Hembergers with approximately $50,000. Cherrystone arranged for the Hembergers to use Cherrystone's $34,000 "down payment" to redeem the property,[2] and it agreed to fund any legal services required by the Hembergers in connection with the sale transaction. Also on February 2, 2005, Patricia Hemberger and the President of Cherrystone, Michael Bonner, proceeded to the tax collector's office and proffered a Wachovia Bank cashier's check identifying Cherrystone as remitter in the amount of $33,000, together with $1,000 in cash, to the tax collector. However, redemption was not permitted because, according to the tax collector, the final judgment of foreclosure had been entered. A judgment bearing the date of February 1, 2005 has been produced in this litigation.
In their motion to vacate judgment, filed on March 16, 2005, one and one-half months after the entry of the judgment, the Hembergers argued that the February 1 judgment was void because, they claimed, it was based upon faxed copies of both the certification of non-redemption by the tax collector and Del Vecchio's certification as to the genuineness of the tax collector's signature, submitted pursuant to R. 1:4-4(c). In support of that contention, the Hembergers pointed to a fax bar on the certification of non-redemption, which indicated transmittal of the document by Del Vecchio to State Capital Title on January 31, 2005. (However, it is noteworthy that Del Vecchio's own certification does not bear such a fax bar.) In addition to the purported irregularity in the documents supplied by Del Vecchio, Bonner certified that when he had called the Foreclosure Unit from the tax collector's office on February 2 and then on the following day to verify the entry of judgment, he had been told that none existed on the Unit's computers.[3]
The Hembergers also argued that Del Vecchio had acted inequitably in dismissing National Financial from the suit on December 13, 2004, without notice to them, and in acquiring the mortgages on their property post-judgment, since they were relying on National Financial's representation that it would redeem the property. They claim that if National Financial had then instituted a mortgage foreclosure action, the Hembergers would have been *1121 entitled to the amount of any excess recovery, and thus to a potential return of a portion of their equity in the house that would be lost in a strict tax sale certificate foreclosure. In support of their claim of reliance on the assurances of National Financial, the Hembergers cited to a letter from National Financial to Bonner, dated February 1, 2005 (one day after the date for redemption) that embodied an unconsummated agreement by National Financial to sell its mortgages on the Hembergers' property to Cherrystone for $111,911.87 and further stated that if the funds were not received from Cherrystone on February 2, 2005, National Financial would "immediately redeem the delinquent real estate taxes."
At oral argument, counsel for Del Vecchio proposed that any inequity to the Hembergers could be remedied by imposing a "constructive trust" that would require Del Vecchio to pay them the $50,000 that they anticipated realizing from the deal with Cherrystone. He stated to the court: "I'm telling you right now that my client is willing to give the Hembergers their $50,000 that they would get in the deal." The record does not reflect an acceptance of the offer then or in the period prior to the Hembergers' motion for reconsideration,[4] but demonstrates a request for such relief on reconsideration and on appeal.
The motion judge denied the Hembergers' motion to vacate the judgment of foreclosure, finding nothing improper in the entry of that judgment that would warrant vacating it pursuant to R. 4:50-1. In that regard, he noted that although various documents indicated that they had been faxed to State Capital Title, nothing indicated that they had been faxed to the Foreclosure Unit. An order embodying the court's ruling was entered on April 19, 2005.
On April 25, 2005, the Hembergers moved for reconsideration on the basis of "newly discovered evidence" from the Foreclosure Unit that it did not have in its files the original of either the tax collector's certification of non-redemption or Del Vecchio's certification of the genuineness of the tax collector's signature. They also presented hearsay through the certification of their counsel that he had been told by personnel of the Foreclosure Unit that entry of a judgment without the appropriate original documents was "not permitted." In response, Del Vecchio claimed that the original of his certification had been returned to him by the Foreclosure Unit, and he submitted it to the court. In a brief filed in support of their motion, the Hembergers also argued that, at a minimum, the court should impose the constructive trust that had been proposed by Del Vecchio's counsel at oral argument of the initial motion.
The court found reconsideration unwarranted, and entered an order denying that relief. The court also denied a May 2, 2005 motion by Cherrystone to intervene pursuant to R. 4:33-1 or -2 to protect its rights in the contract for the sale of the Hembergers' property to it.

II.
On appeal, the Hembergers, joined by Cherrystone, argue that the court erred in denying their motion to vacate the judgment of foreclosure, and that such relief was required pursuant to R. 4:50-1(a) (mistake, inadvertence, surprise, or excusable neglect), -1(c) (fraud) and -1(f) (the rule's residual clause).
*1122 Our consideration of the arguments raised is governed by the principle that "[t]he decision whether to vacate a judgment on one of the six specified grounds [of R. 4:50-1] is a determination left to the sound discretion of the trial court, guided by principles of equity" and that decision must be left undisturbed unless a clear abuse of discretion appears. F.B. v. A.L.G., 176 N.J. 201, 207, 821 A.2d 1157 (2003); Housing Auth. of Town of Morristown v. Little, 135 N.J. 274, 283, 639 A.2d 286 (1994). We find no such abuse in this case.
The Hembergers do not contend on appeal that the tax collector in this case failed to certify non-redemption on January 31, 2005, and they have utterly no evidence of collusion or other improper conduct by personnel of the Foreclosure Unit that would demonstrate that the judgment of foreclosure was issued on a date other than February 1, 2005  the date set forth on that order. Their case rests on the technicality that Del Vecchio may have submitted a facsimile copy of his certification to the authenticity of the tax collector's signature on the operative January 31, 2005 certification of non-redemption, and on the legally unsupported claim that, if he did so, the resultant judgment was void. However, as a factual matter, the Del Vecchio certification bears no markings that would suggest it was faxed, and the original has now been supplied to the court. Moreover, if credited, the statement attributed by the Hembergers' counsel to the Foreclosure Unit employee entering judgment that such a judgment would not have issued if the appropriate documents were not in hand, upon which the Hembergers rely for a different purpose, provides inferential support for the conclusion that no defect in Del Vecchio's documentation existed. We thus find a sufficient factual foundation to be present for the conclusion by the motion judge that the judgment of foreclosure was properly entered, and no abuse of discretion on his part in denying the Hembergers' motion to vacate the judgment as void on this technical ground.
Even if Del Vecchio's affidavit had been submitted in faxed form, that fact would not detract from his obligation to produce the original of the tax collector's certification if the Hembergers or the Foreclosure Unit had requested it. R. 1:4-4(c). Thus, if the judgment were irregularly entered, a remedy readily existed. In these circumstances, we do not find that any defect that may have existed had a capacity to affect the judgment's validity, or to suspend its operation so as to extend the period for redemption. Cf. Twp. of Lakewood v. Block 251, Parcel 34, Lots 3359 to 3370, 48 N.J.Super. 581, 591, 138 A.2d 768 (App.Div.1958); Preparatory Temple and House of Prayer for All People, Inc. v. Seery, 81 N.J.Super. 429, 432-34, 195 A.2d 900 (Ch.Div.1963).
We similarly find no equitable ground for vacating the judgment of foreclosure. The Hembergers' failure to pay their taxes and, apparently, their mortgages allegedly arose out of the tragic circumstances of the death of their son. However, they were aware of their defaults from the outset, and had more than ample time to effect a cure, had they been financially able to do so. Indeed, the certification of Patricia Hemberger provides evidence of the fact that they actively sought redemption funds, but were unable to obtain them. Although unquestionably unfortunate, that fact does not provide grounds for vacating the judgment of foreclosure in this matter. That circumstance constitutes the customary basis for foreclosure. Moreover, we find that the institution of the foreclosure action complied with statutory timeframes, and proper notice of its pendency was given by timely service of the complaint *1123 and the December 13, 2004 order fixing the time, place and amount of redemption.
Nor, in light of Cherrystone's activities, can we fault Del Vecchio for obtaining a judgment of foreclosure at the earliest possible time, rather than permitting time to elapse after the period for redemption set by the court had expired so that Cherrystone, with the assistance of the Hembergers, could reap the benefits of the redemption. We note in connection with our discussion of equitable considerations that any reliance by the Hembergers on National Financial's representation that it would redeem the property could have arisen only after the certification of non-redemption had issued on January 31, 2005 and Del Vecchio's right to judgment had ripened, since that company's letter was dated February 1, 2005. That alleged reliance was thus untimely.
As a further matter, we find no abuse of discretion by the judge in denying reconsideration pursuant to R. 4:49-2 of his initial decision not to vacate the judgment of foreclosure. Fusco v. Bd. of Educ. of Newark, 349 N.J.Super. 455, 462, 793 A.2d 856 (App.Div.), certif. denied, 174 N.J. 544, 810 A.2d 64 (2002); Cummings v. Bahr, 295 N.J.Super. 374, 384, 685 A.2d 60 (App. Div.1996); D'Atria v. D'Atria, 242 N.J.Super. 392, 401, 576 A.2d 957 (Ch.Div.1990). Although that motion was premised in large measure upon investigation occurring after the first motion had been denied, there was no reason why the investigation could not have occurred in the two and one-half months elapsing before the initial hearing on April 18, 2005. Moreover, the investigation added little of significance to the facts before the court in the first instance.
By denying reconsideration, the court foreclosed to the Hembergers a forum for the delayed acceptance of Del Vecchio's offer to reimburse them the approximate $50,000 they lost by their inability to consummate their post-foreclosure deal with Cherrystone. In other cases, where a heir hunter has acquired legal title that has been subsequently invalidated (neither of which events occurred here), the court has imposed a constructive trust upon the heir hunter's interest and held that the homeowners could obtain that interest by payment to the heir hunter of the sum expended by it plus simple interest. See, e.g., Simon v. Rando, supra, 374 N.J.Super. at 159, 863 A.2d 1078; Savage, supra, 355 N.J.Super. at 442, 810 A.2d 1077; Wattles v. Plotts, 120 N.J. 444, 453-54, 577 A.2d 131 (1990); Bron v. Weintraub, 42 N.J. 87, 96, 199 A.2d 625 (1964). That precedent does not support the Hembergers' claim of equitable entitlement to payment of $50,000 by Del Vecchio in this case, simply because their deal with Cherrystone, negotiated after a judgment of foreclosure had been entered, failed. Del Vecchio obtained title to the property by adherence to statutory procedures. Grounds for the establishment of any equitable trust have not been demonstrated, and we find that Del Vecchio's offer of payment, which was not renewed, lapsed.
Because we have found no grounds to reverse the court's denial of the Hembergers' motion to vacate the judgment of foreclosure entered on February 1, 2005, any contractual rights that Cherrystone might have sought to maintain by virtue of its contract with the Hembergers lapsed. Thus, we need not consider its appeal from the denial of its motion to intervene to protect those rights.
Affirmed.
NOTES
[1] Counsel, who appeared before the trial court and here for the Hembergers, is listed as having written the briefs on behalf of Cherrystone in Simon v. Rando and as attorney for Cherrystone in Simon v. Cronecker.
[2] By causing the redemption to occur through the acts of the Hembergers, Cherrystone avoided the need to seek leave to intervene in the cause, to establish its interest in the land, and to demonstrate that it had acquired the interest for more than nominal consideration. N.J.S.A. 54:5-89.1; see also Simon v. Rando, supra, 374 N.J.Super. at 155, 863 A.2d 1078.
[3] The record contains no competent evidence as to the length of time occurring between issuance of a judgment of foreclosure and generation of a computerized record of that judgment.
[4] The Hembergers' contract with Cherrystone contained language that precluded their acceptance of a competing offer by Del Vecchio.