NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2791-15T2

JACQUELINE LUCA and
ERNESTO LUCA,

 Plaintiffs-Appellants,

v.

GEICO INDEMNITY COMPANY,

 Defendant-Respondent.

__________________________________________

 Submitted May 4, 2017 – Decided July 11, 2017

 Before Judges O'Connor, Whipple and Mawla.

 On appeal from Superior Court of New Jersey,
 Law Division, Camden County, Docket No. L-
 4244-13.

 Gay, Chacker & Mittin, P.C., attorneys for
 appellants (Brian S. Chacker, on the brief).

 Law Office of Eric Bennett, attorneys for
 respondent (Beth M. Csontos, on the brief).

PER CURIAM

 In this automobile negligence action, plaintiff Jacqueline

Luca and her spouse, Ernesto Luca, appeal from a November 6,

2015 Law Division order granting defendant Geico Indemnity
Company summary judgment dismissal of Ms. Luca's claim for non-

economic damages. The dismissal was premised upon the trial

court's determination Ms. Luca's injuries did not satisfy the

requirements of the limitation on lawsuit threshold established

by the Automobile Insurance Cost Reduction Act (AICRA), N.J.S.A.

39:6A-1.1 to -35, specifically N.J.S.A. 39:6A-8(a) and 8.1(a).

Plaintiffs also appeal from the December 18, 2015 order denying

their motion for reconsideration of the November 6, 2015 order.1

We affirm.

 I

 We glean the following from the summary judgment record.

In 2011, plaintiff was rear-ended by an uninsured motorist; it

is undisputed plaintiff was not at fault for the accident. At

that time, plaintiff was insured under an automobile liability

insurance policy issued by defendant, which contained a

provision providing uninsured motorist benefits. In 2013,

plaintiff filed a complaint against defendant seeking to recover

benefits under this provision to compensate her for the injuries

she sustained as a result of the accident; her spouse asserted a

per quod claim.

1
 Unless otherwise indicated, for the balance of the opinion
the singular term "plaintiff" is used to refer to Jacqueline
Luca only.
 2
 A-2791-15T2
 Plaintiff's policy was subject to the limitation on lawsuit

threshold, see N.J.S.A. 39:6A-8(a), -8.1(a). An insured who

opts for this limitation generally must show the following when

seeking to recover non-economic damages from the tortfeasor, or

from his or her automobile insurance carrier when seeking

benefits under an uninsured motorist policy. First, an insured

must show the existence of any claimed injury by objective,

medical evidence. Davidson v. Slater, 189 N.J. 166, 181 (2007).

The necessary objective evidence must be "derived from accepted

diagnostic tests and cannot be 'dependent entirely upon

subjective patient response.'" Ibid. (quoting N.J.S.A. 39:6A-

8(a)).

 Second, an insured is required to show the injuries

sustained as a result of an accident were permanent "within a

reasonable degree of medical probability."2 N.J.S.A. 39:6A-8(a).

A "permanent injury" is defined in this statute as one that "has

not healed to function normally and will not heal to function

normally with further medical treatment." Ibid.

2
 In the alternative, a plaintiff may show he or she has
"sustained a bodily injury which results in death;
dismemberment; significant disfigurement or significant
scarring; displaced fractures; [or] loss of a fetus." N.J.S.A.
39:6A-8(a). Here, clearly death is inapplicable, and plaintiff
is not alleging she sustained any of these other injuries.

 3
 A-2791-15T2
 In October 2011, plaintiff's treating orthopedist, Lawrence

I. Barr, D.O., authored a report stating plaintiff sustained

various injuries as a result of the car accident. The injuries

were: a cervical sprain/strain; a lumbar sprain/strain; C-7

radiculopathy; intermittent lower extremity "complaints"; and

bilateral trapezial myofascitis. In addition, MRIs of

plaintiff's cervical and lumbar spines revealed bulging discs,

and an electromyogram (EMG) study of the left arm confirmed

cervical radiculopathy. Dr. Barr did not render an opinion on

the question of permanency.

 Plaintiff's treating neurologist, Alexander M. Pendino,

D.O., authored two reports in August 2011. Dr. Pendino

determined plaintiff suffered from the same conditions found by

Dr. Barr, although further determined an EMG study he ordered

ruled out lumbar radiculopathy. Dr. Pendino also did not opine

on the question of permanency.

 From August 2011 to February 2012, plaintiff was treated by

Barry A. Korn, D.O., for pain management. During this period,

Dr. Korn authored one report, dated August 23, 2011, about

plaintiff's condition. In addition, every time he treated

plaintiff over this six month period, he completed a written

assessment of her condition.

 According to his report and written assessments,
 4
 A-2791-15T2
plaintiff suffered from myofascial pain syndrome; occipital

neuralgia; C-6 and C-7 radiculopathy; left median nerve

dysfunction; left ulnar nerve dysfunction and neuropathy; and

right ulnar nerve dysfunction. Dr. Korn also made note of the

fact radiologic studies revealed plaintiff had disc bulges on

her lumbar and cervical spines, and nerve function studies

revealed she had left carpal tunnel syndrome. Dr. Korn did

state plaintiff's injuries were caused by the accident, but he

did not address whether any of her injuries were permanent.

 After plaintiffs filed their complaint, in August 2015 the

parties participated in mandatory arbitration conducted pursuant

to Rule 4:21A-1(a)(1). The arbitrator awarded plaintiffs

$30,000, in the aggregate, in damages. Dissatisfied with the

arbitrator's award, plaintiffs filed for a trial de novo. See

R. 4:21A-6(b)(1).

 After the close of discovery, defendant filed a motion for

summary judgment dismissal. In opposition to the motion,

plaintiff did not submit any updated experts' reports. On

November 6, 2015, the court granted partial summary judgment and

dismissed plaintiff's claim for non-economic damages,

principally because plaintiff could not show she sustained a

permanent injury as defined by N.J.S.A. 39:6A-8(a). The court

 5
 A-2791-15T2
denied defendant's motion to dismiss plaintiff's economic

damages.

 Plaintiff filed a motion for reconsideration, in which she

submitted a new report from Dr. Korn, dated November 20, 2015.

In that report, Dr. Korn stated "my initial diagnoses were

intended to convey that Ms. Luca's injuries should be considered

permanent." According to his latest report, the diagnoses he

intended to state were permanent included myofascial pain

syndrome; C-7 radiculopathy; carpal tunnel syndrome; and the

lumbar and cervical bulging discs.

 Although he had not mentioned these conditions in either

his first report or his subsequent written assessments of

plaintiff's condition from August 2011 to February 2012, Dr.

Korn's November 20, 2015 report stated the following were also

permanent conditions: cervical, thoracic, and lumbosacral

sprain/strain; "intermittent lower extremity radicular

complaints"; and bilateral trapezii myofascitis.

 As for the complaints he found to be permanent, Dr. Korn

did not state, either expressly or implicitly, whether his

definition of the term permanent was the same as that defined in

N.J.S.A. 39:6A-8(a), specifically, that the injuries were ones

that have "not healed to function normally and will not heal to

function normally with further medical treatment."
 6
 A-2791-15T2
 The court denied plaintiff's motion for reconsideration,

finding plaintiff could have provided a report stating

plaintiff's injuries were permanent by the time the original

motion was heard. After the motion was denied, the parties

settled plaintiff's economic damages, resolving all outstanding

issues. This appeal ensued.

 II

 On appeal, plaintiff contends the trial court erred when it

granted defendant summary judgment on her claim for non-economic

damages, arguing there was sufficient evidence or, at the least,

a question of fact whether her injuries were permanent. We

disagree and affirm.

 We review a trial court's grant of summary judgment de

novo, employing the same standard used by the trial court.

Davis v. Devereux Found., 209 N.J. 269, 286 (2012); Brill v.

Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). An

appellate court reviews "the grant of summary judgment 'in

accordance with the same standard as the motion judge.'" Globe

Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (quoting Bhagat

v. Bhagat, 217 N.J. 22, 38 (2014)). Summary judgment must be

granted if "the pleadings, depositions, answers to

interrogatories and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to
 7
 A-2791-15T2
any material fact challenged and that the moving party is

entitled to a judgment or order as a matter of law." R. 4:46-

2(c).

 Summary judgment may be denied "only where the party

opposing the motion has come forward with evidence that creates

a 'genuine issue as to any material fact challenged.' That

means a non-moving party cannot defeat a motion for summary

judgment merely by pointing to any fact in dispute." Brill,

supra, 142 N.J. at 529. The court must grant all legitimate

inferences in favor of the non-moving party. Id. at 536.

 Here, before the close of discovery, plaintiff failed to

secure and serve any experts' reports stating she sustained a

permanent injury as defined by N.J.S.A. 39:6A-8(a). Although

the report plaintiff secured from Dr. Korn after partial summary

judgment was granted set forth conditions he claimed were

permanent, he failed to state these conditions were permanent as

that term is defined in the subject statute. That is, that her

injuries were of a kind that will not heal to function normally,

even with further medical treatment.

 Defendant argues that, in addition, there is no objective

medical evidence of the existence of some of these conditions,

such as myofascial pain syndrome; lower extremity radicular

complaints; and sprain and strain of the cervical, thoracic, and
 8
 A-2791-15T2
lumbosacral spines. We note plaintiff did provide objective

evidence she has bulging discs, C-7 radiculopathy, and carpal

tunnel syndrome, and that these conditions were caused by the

car accident. However, in order to defeat summary judgment,

plaintiff was obligated to present an expert's opinion that her

injuries are permanent because they have not "healed to function

normally and will not heal to function normally with further

medical treatment." Because she failed to do so, we conclude

the November 6, 2015 order granting defendant summary judgment

on plaintiff's claim for non-economic damages was properly

entered.

 The December 18, 2015 order denying plaintiff's motion for

reconsideration was also properly entered. Plaintiff failed to

show the court had either relied upon a "palpably incorrect or

irrational basis," or "failed to appreciate the significance of

probative, competent evidence." Cummings v. Bahr, 295 N.J.

Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria,

242 N.J. Super. 392, 401 (Ch. Div. 1990)). Plaintiff did

provide new evidence, but such evidence still failed to provide

the opinion necessary to establish her injuries cannot heal even

with additional medical treatment. Moreover, the new evidence

was available not only before the summary judgment motion was

decided, but before the close of evidence; thus, the new
 9
 A-2791-15T2
evidence failed to provide an appropriate basis for

reconsideration of the November 6, 2015 order. See Del Vecchio

v. Hemberger, 388 N.J. Super. 179, 189 (App. Div. 2006);

Cummings, supra, 295 N.J. Super. at 384.

 To the extent we have not addressed any of plaintiffs'

remaining arguments, it is because they are without sufficient

merit to warrant discussion in a written opinion. R. 2:11-

3(e)(1)(E).

 Affirmed.

 10
 A-2791-15T2