**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1363-18T1

MABEL MBAH,

     Plaintiff-Respondent,

v.

DOMINIC MBAH,

     Defendant-Appellant.

_____

        Submitted January 6, 2020 – Decided April 14, 2020

        Before Judges Ostrer and Susswein.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-1333-04.

        Dominic Mbah, appellant pro se.

        Brenda M. Helt, attorney for respondent.

PER CURIAM

     This appeal arises from a post-judgment divorce proceeding. Appellant,

Dominic Mbah, appeals pro se from the denial of his motion in which he claimed

that respondent, Mabel Mbah, never paid him $40,000 for his interest in the marital home as required by the Judgment of Divorce. Dominic[1] also sought to forestall enforcement actions against him for his failure to make child support payments. His request for monetary and equitable relief was heard first by Judge James McGann and later by Judge Teresa Kondrup-Coyle. Both Family Part judges found that Dominic's motions were unreasonable and filed in bad faith.

Judge Kondrup-Coyle treated Dominic's second motion as a motion for reconsideration of Judge McGann's ruling. Dominic now appeals from Judge Kondrup-Coyle's order, arguing that his application for monetary and equitable relief was not a motion for reconsideration, that imposition of attorneys' fees was inappropriate, and that Judge Kondrop-Coyle did not properly consider the evidence before her.

We have reviewed the record in light of the parties' arguments and legal principles and affirm Judge Kondrup-Coyle's order substantially for the reasons set forth in her detailed and well-reasoned written opinion. We agree with both Family Part judges that Dominic's contentions are without merit.

---

[1] Because the parties have the same last name, we refer to them by their first names in order to avoid confusion.

A-1363-18T1

I.

The procedural history and relevant facts are explained in Judge Kondrup-Coyle's written opinion and need only be briefly summarized in this opinion. Dominic and Mabel divorced in 2005. The Judgement of Divorce required Mabel to pay Dominic $40,000 for his interest in the marital home.

Over the years, Dominic accrued over $24,000 in unpaid child support. In January 2018, the Monmouth County Probation Division notified Dominic that unless he contacted the Division within ten days, the Division would apply for a bench warrant based on his failure to pay child support. Eleven days after receiving that notice, Dominic filed a motion before Judge McGann claiming Mabel never paid the $40,000 owed to him under the Judgment of Divorce. Specifically, the motion requested:[2] (1) that Mabel pay Dominic $40,000 awarded in the 2005 Judgment of Divorce plus interest of $8094.69, for a total of $48,094.69; (2) that Mabel deduct the outstanding $24,707 in child support from the payment; (3) that the court vacate the child support order; (4) that the court emancipate the child at issue; (5) that the court vacate any and all warrants of arrest; (6) that the court order reinstatement of Dominic's driver's license; and

---

[2] We reproduce all of the specific claims Dominic made in his initial and second motions to show the overlap and similarity between the two motions.

A-1363-18T1

(7) that the court direct Monmouth County Probation, Child Support Enforcement Unit to terminate any and all enforcement actions.

Mabel filed a cross motion seeking an order directing Dominic to pay outstanding child support and the legal fees she incurred responding to his motion.

Judge McGann held a hearing on the motion and cross motion. He denied most of the relief Dominic sought,[3] explaining his findings and reasons in an oral decision. After finding the gist of Dominic's motion was unreasonable, Judge McGann awarded Mabel $2000 in attorneys' fees based on "bad faith" by Dominic.

Approximately four months later, Dominic filed another motion before Judge Kondrup-Coyle. In this motion defendant requested: (1) that Mabel pay Dominic $40,000 plus $8175.69 in interest, totaling $48,175.69; (2) the court vacate the portion of Judge McGann's order awarding Mabel $2000 in counsel fees; (3) the court direct Monmouth County Probation, Child Support Enforcement Unit to suspend enforcement of the child support account and provide the court and Dominic with an audit report; (4) the court void the deed

---

[3] The court granted Dominic's request to emancipate the child, which appears to have already happened, and suspended enforcement of child support arrears until April 10, 2018.

A-1363-18T1

to the marital house prepared by Mabel's attorney, dated October 7, 2005, because defendant's signature was forged and his divorce attorney, acknowledged defendant's signature without his "Power of Attorney and/or my consent;" (5) the court void the transfer of the marital home as a fraudulent transfer; (6) the court void any mortgage loans on the marital home; (7) the court direct Mabel's attorney, provide proof of the payment of $40,000 for the house, including "copies of the canceled checks, her Attorney Trust and Business Accounts, other proof, etc.;" (8) the court refer Mabel's attorney to the Attorney Ethics Committee for disciplinary action and to the Monmouth County Prosecutor's Office for "criminality in colluding and conspiring in fraudulent transfer" of the marital home; (9) the court direct his attorney to produce his full accounting records from May 1, 2005, to December 31, 2005, including his "Attorney Trust and Business Accounts showing the deposited monies amounting to $40,000, received from" Mabel's attorney, "and to produce copies of the Power of Attorney if any from me to him authorizing him to sign my name on the Deed transferring my legal and marital interests…and any other pertinent documents relating to the transfer and the $40,000;" (10) the court refer his attorney to the Attorney Ethics Committee for disciplinary action and to the Monmouth County Prosecutor's Office for "criminality in colluding and

5

conspiring in fraudulent transfer" of the marital home; and (11) to direct the Monmouth County Clerk's Office to void and remove various documents relating to the marital home.

As we have noted, Judge Kondrup-Coyle treated defendant's motion as a motion to reconsider Judge McGann's ruling in the prior motion. On October 9, 2018, she issued a written order denying defendant's motion in its entirety. She also denied Mabel's request for an order directing Dominic to pay all support arrears immediately and denied her request to have Dominic incarcerated until he pays his support obligation. She granted Mabel's request to order Dominic to pay the $2000 in legal fees that had been ordered by Judge McGann, and she awarded additional attorneys' fees in the amount of $2400 to reimburse Mabel for the cost of responding to Dominic's second motion.

## II.

Dominic raises the following contentions for our consideration:

> POINT I
>
> THE TRIAL COURT ERRED BY MISCHARACTERIZING MY NEW MOTION AS [A] MOTION FOR RECONSIDERATION.
>
> PONT II
>
> THE TRIAL COURT ERRED IN LAW AWARDING COUNSEL FEE[S] BECAUSE OF THE UNCLEAN

A-1363-18T1

HANDS OF COUNSEL AND [MABEL]; AND [DOMINIC'S DIVORCE ATTORNEY].

POINT III

[THE] TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN LAW BY ITS FAILURE TO REVIEW EVIDENCE AND ISSUES PRESENTED.

### III.

We begin our analysis by acknowledging the legal principles governing this appeal, looking first to the standards of review we must apply to various aspects of this matter. Appellate courts review a trial court's decision on a motion for reconsideration under the abuse of discretion standard. Del Vecchio v. Hemberger, 388 N.J. Super. 179, 189 (App. Div. 2006) (citations omitted) ("As a further matter, we find no abuse of discretion by the judge in denying reconsideration pursuant to [Rule] 4:49-2 of his initial decision."). The abuse of discretion standard also applies when an appellate court reviews a trial court's decision to grant attorneys' fees. Rendine v. Pantzer, 141 N.J. 292, 317 (1995) ("Our expectation is that [attorneys' fee] determinations by trial courts will be disturbed only on the rarest occasions, and then only because of a clear abuse of discretion.").

Generally, "an abuse of discretion [occurs] when a decision is 'made without a rational explanation, inexplicably departed from established policies,

7

or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

The standard of review on Dominic's claim that the trial court failed to consider evidence and issues before it is guided by Rova Farms Resort, Inc. v. Investors Insurance Company of America, 65 N.J. 474, 484 (1974). Generally, "[f]indings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Ibid. Further, appellate courts will not disturb the factual findings or legal conclusions of a trial judge unless the court is convinced the findings are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)).

## IV.

We next apply these legal principles to Dominic's contentions. Specifically, we address Dominic's arguments regarding Judge Kondrup-Coyle's decision on his motion for reconsideration, the sufficiency of the evidence supporting the judge's conclusion that Mabel paid Dominic $40,000, and both judges' decisions to award Mabel attorneys' fees.

A-1363-18T1

A.

We first address Dominic's contention that the trial court improperly treated his second motion as a motion for reconsideration because his new motion raised multiple new issues. After reviewing both the record and Judge Kondrup-Coyle's thorough and cogent opinion, we conclude she did not commit error in treating defendant's second motion as a motion for reconsideration based on two grounds: (1) another Family Part judge had recently addressed an almost identical motion, and (2) the second motion asked the court to vacate the earlier order.

Dominic argues that his second motion was made pursuant to Rule 4:49-1(a), which provides:

> A new trial may be granted to all or any of the parties and as to all or part of the issues on motion made to the trial judge. On a motion for a new trial in an action tried without a jury, the trial judge may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment. The trial judge shall grant the motion if, having given due regard to the opportunity of the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that there was a miscarriage of justice under the law.

The rule governing motions for reconsideration provides:

Except as otherwise provided by [Rule] 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than 20 days after service of the judgment or order upon all parties by the party obtaining it. The motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

[R. 4:49-2.]

Taking all of the relevant circumstances pertaining to this litigation into account, we believe Dominic's second motion is more analogous to a Rule 4:49-2 motion than a Rule 4:49-1(a) motion. Notably, the second motion sought similar if not nearly identical relief to that which Dominic sought in the first motion. In both motions, Dominic claimed he was never paid $40,000 for his interest in the marital home and requested the court terminate the child support enforcement actions. Furthermore, his second motion expressly included a request to vacate Judge McGann's order. That circumstance alone shows that this was a request to revisit the previous order. See Baumann v. Marinaro, 95 N.J. 380, 390 (1984) ("[A] motion to alter and amend under [Rule] 4:49-2 includes a motion to vacate.").

The fact that Dominic made additional allegations in his second motion does not change the fundamental character of that motion as an attempt to get a "second bite" at the claims Judge McGann rejected. Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 463 (App. Div. 2002). These additional allegations, which are serious accusations of professional misconduct made against the lawyers on both sides in the divorce proceeding, relate to the disposition of the marital home. Accordingly, these additional claims are integrally connected to Dominic's foundational claim regarding the payment of the $40,000. We therefore conclude that Judge Kondrup-Coyle did not err in treating Dominic's second motion as a motion for reconsideration under Rule 4:49-2.

B.

We next address Dominic's contention that Judge Kondrup-Coyle erred by denying his motion. We reject that contention as well. As we have already noted, Judge Kondrup-Coyle provided a detailed explanation of her reasoning. We conclude that she did not abuse her discretion in rejecting Dominic's various contentions.

A motion for reconsideration is not a chance to get "a second bite of the apple." Fusco, 349 N.J. Super. at 463. Further, "[r]econsideration is a matter

within the sound discretion of the Court, to be exercised in the interest of justice." D'Atria v. D'Atria, 242 N.J. Super. 393, 401 (Ch. Div. 1990).

Reconsideration is appropriate in two circumstances: (1) when the court's decision is "based upon a palpably incorrect or irrational basis," or (2) when "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria, 242 N.J. Super. at 401). When a litigant is dissatisfied with a court's decision, reconsideration is not appropriate; rather, the litigant should pursue an appeal. D'Atria, 242 N.J. Super. at 401.

We further note that a court, in the interest of justice, can consider new information a litigant brings to the court's attention provided the litigant could not have produced the information in the first motion. Ibid. A motion for reconsideration is not "a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Capital Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (citing Cummings, 295 N.J. Super. at 384).

Judge Kondrup-Coyle in her opinion first noted found that the motion was well outside the twenty-day time limit established by Rule 4:49-2. Next, she

observed that this motion did not fall into either of the two narrow categories set forth in Cummings. Furthermore, she held that Dominic presented no evidence that Judge McGann's decision was based on plainly incorrect reasoning, or that he failed to consider evidence presented at the hearing on the first motion. Judge Kondrup-Coyle concluded that Judge McGann properly considered all of the evidence that defendant had presented to him.

Judge Kondrup-Coyle next addressed the fact-sensitive contentions that Dominic had not raised in his first motion. She concluded, correctly, that the new information and arguments related to the core of defendant's initial claim. She noted, for example, that the new contentions were "nothing more than evidence of why [ordering payment of $40,000 plus interest] should be reconsidered." She continued, "[t]hese are serious accusations presented by [Dominic], leaving this court to wonder why they were not raised in [his] first motion months prior to this order."

Ultimately, Judge Kondrup-Coyle embraced Judge McGann's finding that Dominic's accusations are meritless, in part because they were first brought to the court's attention thirteen years after the alleged events. Given her thorough analysis of the relevant facts and applicable principles of law, which we describe

13

in greater detail in the next section of this opinion, we conclude that Dominic has failed to establish an abuse of discretion warranting appellate intervention.

V.

We turn next to Dominic's assertion that Judge Kondrup-Coyle did not consider the evidence relevant to his contention that he had not been paid the $40,000 owed to him under the Judgment of Divorce. That contention is unsupported by the record.

The evidence in the record justifies the judges' skepticism of Dominic's belatedly raised claims and supports their determination that Dominic received the $40,000 payment ordered by the Judgment of Divorce. Judge McGann reviewed evidence indicating that Mabel obtained loans for the purpose of paying off the original mortgage, removing Dominic from the mortgage, and making the $40,000 payment under the Judgment of Divorce. Additionally, Mabel certified that Dominic would execute the deed and move out of the marital home after she paid him the $40,000. She further certified that Dominic both signed the deed and moved out of the marital home. These circumstances support the judge's finding that Mabel paid Dominic the $40,000 required under the Judgment of Divorce.

A-1363-18T1

Judge Kondrup-Coyle had the benefit of additional direct evidence that Mabel paid Dominic. The record developed for the second motion includes copies of checks made out to him in the relevant time frame.

As we have noted, a trial judge's findings are considered binding on an appellate court when supported by "adequate, substantial and credible evidence." Rova Farms, 65 N.J. at 484. We should not disturb those findings unless "we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Fagliarone, 78 N.J. Super. at 155). In this instance, Judge Kondrup-Coyle acted well within her discretion in accepting Mabel's sworn statements, loan documentation, and an attorney's certification and checks showing Dominic had received payment.

## VI.

Finally, we address the matter of attorneys' fees. In Family Part actions, a court can award counsel feels pursuant to N.J.S.A. 2A:34-23, Rule 4:42-9(a)(1), and Rule 5:3-5. We conclude that both Judge McGann and Judge Kondrup-Coyle correctly applied the statute and court rules. Judge Kondrup-Coyle carefully explained her reasons for upholding the attorneys' fees awarded by Judge McGann and for awarding additional fees relating to the Dominic's

15

second motion. Both judges determined Dominic's motions lacked credibility, were unreasonable, and were made in bad faith.

Appellate courts should only disturb attorneys' fee determinations on "the rarest occasions." Rendine, 141 N.J. at 317. The record before us clearly shows that neither judge made their decision without a rational explanation, nor did either judge depart from established policies. U.S. Bank Nat'l Ass'n, 209 N.J. at 467. We therefore affirm the award of attorney fees.

Any contentions made by Dominic that we have not addressed in this opinion lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1363-18T1