**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2314-24

TARIQ ROBINSON,

      Plaintiff-Appellant,

v.

TYREIK T. HAMMOND,
SHEVON KENNEDY, and
DANYELLE MARSHALL,

      Defendants,

and

LUCAS OTONIEL OLIVEIRA,

      Defendant-Respondent.

_____

JERONI CANDIDO ARAUJO,

      Plaintiff,

v.

TYREIK T. HAMMOND,
SHAVON KENNEDY-RIOS,
LUCAS OTONIEL OLIVEIRA,
LCE GROUP, LLC,

DANYELLE MARSHALL,
ENCOVA INSURANCE, and
MOTORIST COMMERCIAL
MUTUAL INSURANCE
COMPANY,

      Defendants.

_____

DANYELLE MARSHALL,

      Plaintiff,

v.

TYREIK T. HAMMOND, and
SHAVON KENNEDY-RIOS,

      Defendants.

_____

Argued April 28, 2026 – Decided June 8, 2026

Before Judges DeAlmeida and Rosero.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket Nos. L-2805-23, L-5401-22, and L-2016-23.

Michael R. Paglione argued the cause for appellant (Szaferman Lakind Blumstein & Blader PC, attorneys; Michael R. Paglione, on the brief).

John A. Thiry (Hohn & Scheüerle, LLC) argued the cause for respondent (Kristen Rogers (Hohn & Scheüerle, LLC), on the brief).

PER CURIAM

2

A-2314-24

In this personal injury action, plaintiff Tariq Robinson appeals from the January 31, 2025 Law Division order: (1) granting defendant Lucas Otoniel Oliveira's motion for reconsideration of the October 1, 2024 order reinstating the complaint against Oliveira; and (2) dismissing the complaint against Oliveira with prejudice. We affirm.

I.

Although Rule 2:6-1(a)(1) required plaintiff to include the pleadings in his appendix, he failed to do so. As a result, we do not have a complete record of plaintiff's claims or the facts he alleged resulted in his injuries.

However, we discern from the record this matter arises from a May 20, 2021 motor vehicle accident on the New Jersey Turnpike. Plaintiff was a passenger in a vehicle owned by his aunt, defendant Shavon Kennedy,[1] and driven by his cousin, defendant Tyreik T. Hammond. The accident involved two other vehicles, one operated by Oliveira, and one operated by defendant Danyelle Marshall. During oral argument on a motion, plaintiff's counsel described the accident and plaintiff's injuries as follows: Hammond was

---

[1] Kennedy's name appears in the record as both Shavon and Shevon, and as Kennedy and Kennedy-Rios. Because plaintiff did not include Kennedy's answer in his appendix, we are unable to confirm the correct spelling of her name. We use Kennedy's name as it appears in the October 1, 2024 order, which, of the documents in the appendix, has the most complete caption.

operating Kennedy's vehicle recklessly and at a high rate of speed when he struck the front corner of Oliveira's vehicle. The impact caused Kennedy's vehicle to spin and strike the center median and Oliveira's vehicle to strike Marshall's vehicle. Plaintiff suffered injuries to his hand, ending his hopes of becoming a professional basketball player.

On May 17, 2023, plaintiff filed a complaint in the Law Division against Hammond, Kennedy, Oliveira, and Marshall. We presume plaintiff sought damages for his physical injuries on a theory of negligent operation of the vehicles involved in the accident.

On May 18, 2023, plaintiff's counsel retained a firm to serve the complaint on Oliveira at the Florida address that appeared in a police report concerning the accident.

On May 26, 2023, plaintiff's counsel received notice from the process server that an attempt to serve Oliveira at the address was not successful. The process server stated Oliveira did not reside at the address, which was listed as a short-term rental on a website.

A subsequent search by plaintiff's counsel revealed an alternate address in Florida for Oliveira. According to a July 6, 2023 affidavit, the process server's

three attempts to effectuate service on Oliveira at the alternate address were unsuccessful.

On September 30, 2023, the court issued a notice stating it would dismiss the complaint against Oliveira on November 28, 2023, for lack of prosecution if service on him was not effectuated by that date.

Plaintiff's counsel thereafter requested the process server attempt service on Oliveira at a third Florida address, which appeared on Oliveira's driver's license. In a November 3, 2023 affidavit, the process server stated three attempts to serve Oliveira at the third address were unsuccessful.

On November 3, 2023, the court entered an order consolidating plaintiff's complaint with two other complaints arising out of the accident. Oliveira was named as a defendant in one of the other matters, which was filed by a passenger in his vehicle. Oliveira had appeared in that matter through counsel after having been served with the passenger's complaint. As a result of the consolidation, plaintiff's counsel became aware Oliveira was represented by counsel in the passenger's suit.

On December 2, 2023, the court dismissed the complaint against Oliveira without prejudice for lack of prosecution. See R. 1:13-7.

On December 5, 2023, plaintiff's counsel contacted Oliveira's counsel and asked if he would accept service of the complaint on behalf of Oliveira. No mention was made of the complaint against Oliveira having been dismissed three days earlier.

On December 18, 2023, Oliveira's counsel agreed to accept service of the complaint on behalf of his client.

On December 20, 2023, plaintiff's counsel sent a copy of the complaint to Oliveira's counsel.

On February 26, 2024, Oliveira's counsel attempted to file an answer on behalf of his client.

On March 1, 2024, the Superior Court Clerk issued an electronic notice rejecting Oliveira's answer. The notice stated an answer could not be filed because the complaint against Oliveira had been dismissed for lack of prosecution.

More than six months later, and after ten months of discovery had been conducted, plaintiff moved, on September 11, 2024, to vacate the December 2, 2023 order and reinstate the complaint against Oliveira. The motion was filed one day after depositions were completed. Plaintiff's certification of service of the motion indicated it "will be considered delivered to the following through

6

e[C]ourts[.]" The list that followed included Oliveira's counsel's name and physical address. However, because Oliveira's answer had not been accepted by the court and the complaint against him had been dismissed, his counsel was not entered in the eCourts docket as having made an appearance in this matter. Plaintiff's motion, therefore, was not served on Oliveira's counsel. Without notice of the motion, Oliveira did not file opposition.

On October 1, 2024, the court entered an order: (1) vacating the December 2, 2023 order dismissing the complaint against Oliveira; and (2) reinstating the complaint against Oliveira.[2] Plaintiff's counsel served a copy of the October 1, 2024 order on Oliveira's counsel.

On October 18, 2024, Oliveira moved for reconsideration of the October 1, 2024 order. He argued it would be unfair to reinstate the complaint because plaintiff conducted and completed discovery while aware the complaint against him was dismissed. Oliveira's counsel noted that when plaintiff's deposition was scheduled for September 10, 2024, he notified plaintiff's counsel he would not attend because the complaint against Oliviera had been dismissed. He did not

---

[2] The October 1, 2024 order erroneously states the order dismissing the complaint was entered on August 23, 2019.

receive a response from plaintiff's counsel stating an intent to move to reinstate the complaint against Oliviera and did not attend the deposition.

On October 24, 2024, six days after Oliveira's motion was filed and before it was decided, plaintiff executed a stipulation of settlement with Hammond and Kennedy, agreeing to dismiss all claims against them with prejudice. The stipulation does not reveal the consideration plaintiff received in exchange for the release of his claims, but the record suggests he accepted the limit of the insurance policy on Kennedy's vehicle. Plaintiff agreed to dismiss his claims against Hammond, who the parties appear to agree was the primary tortfeasor, without having taken his deposition. Plaintiff thereafter opposed Oliveira's motion for reconsideration.

At oral argument on the motion, Oliveira argued he would be prejudiced by reinstatement of the complaint because plaintiff dismissed his claims against Hammond with prejudice without taking his deposition. Oliveira argued because Hammond's reckless driving caused both the collision with Oliveira's vehicle and the injuries to plaintiff, Oliveira must be able to compel Hammond to be deposed and appear at trial to mount his defense to plaintiff's claims. He argued that Hammond, as a dismissed party, would not be available to be deposed and testify at trial. He also argued it would be unfair to, in effect, start

8

the discovery period anew after plaintiff settled his claims with the primary tortfeasor.

Plaintiff argued Oliveira would not be prejudiced if the complaint were reinstated because he could: (1) file a third-party complaint against Hammond seeking contribution under the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 to -5, or comparative fault allocation under the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 to -5.3; or (2) take Hammond's deposition as a witness, either with his cooperation or by compelling his testimony by subpoena, and obtain or compel his trial testimony, if necessary.

On January 31, 2025, the court issued an oral decision granting the motion, vacating the October 1, 2024 order, and dismissing the complaint against Oliveira with prejudice. The court, applying an interest of justice standard, stated:

> The prejudice would inure to the defendant Oliveira. Defendant Hammond was dismissed with prejudice from this case. It is too late under the court rules to third[-]party amend (sic). Certainly, counsel could seek to subpoena him, but there is uncertainty whether under a motion to quash on someone who has been dismissed with prejudice, whether or not that would be granted. There's just too many uncertainties there, and as so although Hammond . . . could end up on the verdict sheet, what proofs would Oliveira have to present as to Hammond in order to have a defense[?]

So for all these reasons, the [c]ourt grants the motion for reconsideration and vacates its prior order and the case is dismissed.

A January 31, 2025 order memorialized the court's decision. This appeal followed.

Plaintiff argues the motion court erred when it concluded Oliveira would be prejudiced by reinstatement of the complaint because: (1) plaintiff's settlement with Hammond does not preclude Oliveira from seeking contribution from Hammond or comparative fault allocation; (2) Rule 4:8-1(a) would permit Oliveira to file a third-party complaint against Hammond within ninety days of the filing of Oliveira's answer; and (3) even absent a third-party claim, Oliveira could compel the deposition of Hammond, his production of documents, and appearance at trial, and demand Hammond's inclusion on the verdict sheet for allocation of fault.

II.

The October 1, 2024 order vacating the December 2, 2023 order and reinstating the complaint against Oliveira was interlocutory. As the Supreme Court explained, "[b]y definition, an order that 'does not finally determine a cause of action but only decides some intervening matter pertaining to the cause[,] and which requires further steps . . . to enable the court to adjudicate

10

the cause on the merits[,]' is interlocutory." Moon v. Warren Haven Nursing Home, 182 N.J. 507, 512 (2005) (quoting Black's Law Dictionary 815 (6[th] ed. 1990)); see also Wein v. Morris, 194 N.J. 364, 377 (2008).

A court "has the inherent power, to be exercised in its sound discretion, to review, revise, reconsider and modify its interlocutory orders at any time prior to the entry of final judgment." Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 257 (App. Div. 1987). As Judge Pressler explained, "the strict and exacting standards of R. 4:50" do "not apply to interlocutory orders entered prior to final disposition." Ibid. Nor do the limitations of R. 4:49-2 apply to requests for relief from interlocutory orders. Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 96-97 (App. Div. 2008). See also Del Vecchio v. Hemberger, 388 N.J. Super. 179, 188-89 (App. Div. 2006); Cummings v. Bahr, 295 N.J. Super. 374 (App. Div. 1996); D'Atria v. D'Atria, 242 N.J. Super. 392 (Ch. Div. 1990).

We review the denial of a motion for reconsideration of an interlocutory order for an abuse of discretion. Johnson, 220 N.J. Super. at 263-64. An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible

basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Having reviewed the record, we find no basis on which to disturb the motion court's exercise of discretion when it entered the January 31, 2025 order. Our decision is informed by plaintiff's failure to diligently effectuate service on Oliveira once he became aware he had appeared and was represented by counsel in a consolidated suit. The court consolidated the matters on November 3, 2023. Plaintiff's counsel conceded that, as a result of the consolidation, "it was learned" and "[p]laintiff learned" that Oliveira had appeared in one of the related matters and was represented by counsel. Plaintiff does not identify the date on which he became aware of these facts, or the person who gained that knowledge.

However, as of November 3, 2023, the court had set a November 28, 2023 deadline for plaintiff to effectuate service of the complaint on Oliveira to avoid its dismissal for lack of prosecution. Plaintiff allowed the November 28, 2023 deadline to pass without effectuating service on Oliveira, even though his counsel apparently was aware of Oliveira's appearance in the related matter. As a result, on December 2, 2023, the court dismissed the complaint against Oliveira without prejudice.

It was not until three days after dismissal of the complaint, on December 5, 2023, that plaintiff's counsel contacted Oliviera's counsel to ask if he would accept service of the complaint on behalf of his client. That communication did not acknowledge the complaint had been dismissed or indicate plaintiff intended to seek its reinstatement. Although Oliveira's counsel agreed to accept service of the complaint, his attempt to file an answer on his client's behalf was rejected by the court on March 1, 2024, because the complaint against Oliveira had been dismissed.

Plaintiff thereafter waited more than six months to move to reinstate the complaint against Oliveira. During that six-month period, plaintiff conducted discovery, including sitting for his deposition. Oliveira's counsel notified plaintiff's counsel he was not attending plaintiff's deposition because the complaint against Oliveira had been dismissed. Plaintiff's counsel did not inform Oliveira's counsel of plaintiff's intent to seek reinstatement of the complaint. Instead, plaintiff's deposition was completed without Oliveira's counsel being present on September 10, 2024.

The following day, plaintiff moved to vacate the order dismissing the complaint against Oliveira. Plaintiff's counsel, however, did not ensure Oliveira's counsel received his moving papers. Although plaintiff's counsel

uploaded the motion in eCourts, Oliveira's counsel did not receive notice of the filing because he had not made an appearance in this matter.

Shortly after he became aware of the October 1, 2024 order reinstating the complaint, Oliveira's counsel moved, on October 18, 2024, for reconsideration of that order. Six days later, while Oliveira's motion was pending, plaintiff entered a stipulation of settlement with Hammond, the apparent primary tortfeasor, and his mother. Plaintiff dismissed his claims against his cousin and aunt without having taken Hammond's deposition and without notice to Oliveira, whose potential claims against Hammond for contribution and fault allocation were readily apparent. Plaintiff did not oppose Oliveira's motion until Hammond and Kennedy had been released as parties.

Plaintiff's actions significantly complicated Oliveira's ability to defend against plaintiff's claims if the complaint was reinstated. Although Oliveira would have subpoena power to obtain a deposition and documents from Hammond, the record contains little information with respect to Hammond's whereabouts and inclination to cooperate. Hammond's release from plaintiff's claims presumably would be a disincentive for him to remain active in this matter.

In addition, party discovery mechanisms against Hammond would not be available to Oliveira, although plaintiff had those expansive tools available to him before he dismissed his claims without taking Hammond's deposition. Unless Hammond is willing to cooperate with Oliviera's non-party discovery requests, Oliviera would be forced to seek judicial intervention to compel Hammond to be deposed, produce documents, and appear for trial. Plaintiff, who did not labor under those restraints, put Oliviera in a disadvantageous position by releasing Hammond as a party and vitiating Oliveira's ability to file a cross-claim against him under Rule 4:7-5 before Oliviera's motion was decided.

Plaintiff argues that if the complaint is reinstated, Oliveira could file a third-party complaint against Hammond under Rule 4:8-1(a) for contribution or allocation of fault within ninety days of the filing of Oliveira's answer. The Rule permits a third-party complaint to be filed against "a person not a party to the action . . . ." R. 4:8-1(a). It is not clear whether Hammond's status as a former party to the action, against whom all then-pending claims had been settled, would preclude the filing of a third-party complaint against him by Oliviera. Oliviera would be burdened with expending resources resolving that issue.

Regardless of whether Oliveira would be permitted to file a third-party complaint against Hammond, we agree with the motion court's conclusion that as a matter of fairness it would be inequitable to reinstate the complaint against Oliveira, given the way in which plaintiff prosecuted and settled his claims against Hammond while aware of Oliveira's potential claims for contribution and allocation of fault. Had plaintiff diligently sought reinstatement of the complaint before settling his claims with Hammond, Oliveira would have had the opportunity to engage in full discovery with Hammond without having been either limited to non-party discovery or burdened with filing a third-party claim against a party that had been released from all liability to plaintiff.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2314-24